# OCTOBER, 1939.

THE STATE OF MISSOURI, AT THE RELATION OF CHAS. G. ROSS, COLLECTOR OF THE REVENUE IN AND FOR PEMISCOT COUNTY, STATE OF MISSOURI, AND TO USE OF DRAINAGE DISTRICT No. 8, RESPONDENTS, v. W. P. ROBERSTON, APPELLANT.—137 S. W. (2d) 492.

Springfield Court of Appeals. February 21, 1940.

*C. G. Shepard* for appellant.

*Ward & Reeves* and *Corbett & Peal* for respondent.

SMITH, J.—This is an appeal from a judgment of the circuit court refusing to quash an execution. The motion to quash, filed March 20, 1939, caption and signature omitted is as follows:

"Comes now Walter P. Robertson, and would respectfully show to the court that he is owner in fee of the land described in the proceeding herein named and on which an execution has been issued and delivered to the Sheriff of Pemiscot County, and the land in said proceeding described has been levied on under said execution and will be sold thereunder unless the execution issued is quashed by this court and said levy released, for which reason, movent moves the court to quash said execution and order said levy released for the following reasons:

"1. Said execution is issued on a judgment obtained in a proceeding wherein W. P. Robertson, Sr., was party defendant; that said W. P. Robertson is now deceased and administration has been duly had on his estate and said administration closed; that said judgment was never presented to the probate court for allowance and has not been allowed as a claim against said estate.

"2. Because on the 11th day of June, 1937, the judgment upon which

said execution is based was compromised and settled with the plaintiff and said judgment paid in full according to said compromise agreement, and in order satisfying said judgment is now on record in the Circuit Court record pertaining to drainage district judgments in Book 4, at page 328.

"3. Because said judgment is void and cannot be enforced even had no settlement thereof been made for the reason this suit upon which said judgment is based was by the State of Missouri, at the relation of Chas. G. Ross, Collector of the Revenue in and for Pemiscot County.

"The State of Missouri was not and is not a party in interest, had no right to prosecute said suit, and the judgment rendered in favor of the State of Missouri at the relation Chas. G. Ross is absolutely void, not sufficient to support an execution, for which reason alone, said execution should be quashed and the levy ordered released.

"4. Because Drainage District No. 8 was made a party defendant in said proceedings, thereby suing itself, which makes said judgment void insufficient to support an execution, as said execution purports to be in favor of Drainage District No. 8, which said Drainage District is not entitled to an execution on a judgment against itself.

"5. Because said execution is in fact issued in favor of Sharon J. Pate to collect for said Sharon J. Pate attorney's fees taxed in said proceedings.

"Movant would show to the court that Sharon J. Pate was never appointed by the collector as his attorney to bring such suits, was not attorney for said district, and the only semblance of authority or right to bring such suits was an order made by the county court of Pemiscot County, representing said Drainage District No. 8, appointing Sharon J. Pate as tax attorney for said district, that there is no provision in the law for the county court to appoint a tax attorney for the district, there is no such offce as tax attorney; that said pretended appointment is null and void, no terms given under which the said purported tax attorney should work, no contract, and no provisions made as to what, if any, fees said pretended tax attorney should receive. Therefore, said purported appointment was null and void, and even if there were no other defects in said proceeding, said judgment taxing said costs in favor of said Sharon J. Pate is null and void and cannot be enforced.

"Wherefore, movent prays the court for an order quashing said execution issued as aforesaid and releasing the levy made thereunder by the Sheriff of Pemiscot County."

This motion to quash was overruled on May 17, 1939. A motion for new trial was filed, and thereafter overruled, and an appeal to this court was had.

The paragraph numbered 2 in the motion to quash, is considered first by the appellant in his brief. This had to do with the compromise of the judgment. It being contended, and the record shows

that there was a compromise settlement, and that said judgment was paid in full according to said compromise agreement, and that an order satisfying said judgment is on record in the circuit court records of Pemiscot County.

There seems to be no controversy here over anything except the costs, and principally over the attorney fees claimed by Sharon J. Pate. It being contended by him that in a compromise settlement the county court had no right to compromise his fees since it was part of the costs in the case.

It must be remembered that Mr. Pate is claiming that he is entitled to an amount equivalent to ten per cent of the judgment, which in this instance, he claims his fee is $53.18. He insists that regardless of any compromise made by the County Court, and regardless of any amount collected, he should have the full amount of his fee of $53.18. There was offered undenied testimony that the tax bill was paid in accordance with the compromise agreement, and the clerk of the circuit court testified that there was paid to him $17.48 for Mr. Pate, which he tendered to Mr. Pate, and which was by him refused, and this amount so tendered was ten per cent of the amount paid on the compromise judgment. It is too much for Mr. Pate to say that he is entitled to receive ''the whole pound of flesh'' $53.18, regardless of the amount collected. The record before us is clear, that under his contract with the county court (and whether a legal contract or not, a point we are not deciding here) the most he could be entitled to would be ten percent of the amount collected on the judgment. If the county court had a right to bring the suit, it, of course, had a right to compromise the amount paid on the judgment. Since the record before us shows without contradiction that this amount as compromised was paid, and since the attorney fee, as based upon the amount paid, was paid to the clerk for Mr. Pate, and is still held by the clerk for him, there is no need for the execution, and it should be quashed, so far as the attorney's fee is concerned.

This, as we view it, disposes of this case unless, as the respondent contends that the movent, Walter P. Robertson, is a stranger to the proceedings, and, as such stranger, is not in a position to file a motion to quash the execution.

The respondent concedes that the judgment at issue in this case is one *in rem,* and not *in personam,* and cites cases to so show. There can be no question but that the judgment involved is one against the land, and not one against W. P. Robertson, deceased. The motion in this case alleges that the movent, Walter P. Robertson, is the owner of the land involved. That is not denied. He stands, so far as this record shows, as the record owner, and whether by purchase or by inheritance from his father, makes no difference in a case of this kind, since it stands conceded that he is the owner of the land. And since this is a proceeding that affects the land, he is the legal one to file

such a proceeding, and is not a stranger. He is an owner and according to the provision of Section 1223, Revised Statutes 1929, he has a right to file such a proceedings if his lands are affected, since this section provides a full, complete and adequate remedy for quashing executions. [Jones v. Overall, 13 S. W. (2d) 581.] It is not necessary to discuss the other points presented in the motion to quash. It follows from what we have said that it is our conclusion that this judgment should be reversed and the cause remanded to the circuit court with directions to quash the execution. It is so ordered. *Tatlow, P. J.,* and *Fulbright, J.,* concur.