I. L. JONES, APPELLANT, v. WILLIAM OVERALL AND ANTON SCHULER, AS SHERIFF, RESPONDENTS.*—13 S. W. (2d) 581.

St. Louis Court of Appeals. Opinion filed February 5, 1929.

*Corpus Juris-Cyc References: Executions, 23CJ, section 450, p. 553, n. 96; Judgments, 34CJ, section 702, p. 448, n. 87; Justices of the Peace, 35CJ, section 158, p. 580, n. 66.

*Hill & England* for appellant.

*Verne R. C. Lacy* and *M. G. Baron* for respondents.

BECKER, J.—Plaintiff filed his suit in the circuit court of the city of St. Louis in equity, to vacate, set aside and declare null and void a judgment theretofore rendered by default by a justice of the peace in one of the districts of the city of St. Louis, and to enjoin and restrain the defendant, respondent here, from enforcing an execution issued on said judgment. On a hearing of the case the court dismissed plaintiff's bill and plaintiff in due course appeals.

It appears that on the 13th day of September, 1926, the defendant, William Overall, caused to be filed before a justice of the peace in the city of St. Louis his cause of action purporting to be based upon a negotiable promissory note in the sum of one hundred dollars with interest thereon; that one Archie Ewing, under section 2747, Revised Statutes of Missouri, 1919, was appointed special deputy by the justice for the service of the summons in said suit, and that the said Ewing made return upon the summons that he had served the same upon this plaintiff, the defendant in said suit in the said justice court, by delivering to him a true copy thereof. In due course the justice rendered a judgment in said cause by default in favor of plaintiff, William Overall, therein, and against I. L. Jones, the defendant therein. A transcript of said judgment was filed with the clerk of the circuit court of the city of St. Louis, and the defendant, Overall, thereafter had execution issued thereon, and

the sheriff levied upon personal property belonging to the judgment debtor, Jones. Thereupon Jones filed his bill in equity setting up facts hereinabove set out, and stating further in his petition that he was never at any time served personally or otherwise by summons is said action before the justice of the peace, "and that the purported service thereon by said special deputy, Archie Ewing, is false and that this plaintiff never at any time had any notice of said action until the sheriff, as aforesaid, took charge of plaintiff's assets, property and effects, pursuant to the execution as aforesaid; that this plaintiff was never at any time indebted to said defendant, William Overall, and never at any time executed in favor of said defendant the note purported to have been executed by plaintiff and being the alleged subject of the action before the said justice of the peace aforesaid. . . . Plaintiff further avers that by reason of the transcript of said judgment being filed in the circuit court he has no remedy in the premises except in a court of equity, and that defendant, Overall, is insolvent, and prays that a temporary restraining order be issued against the defendants prohibiting them from in any manner enforcing said judgment by reason of the aforesaid execution and that upon final hearing of the cause the judgment be vacated and be declared null and void and of no effect."

The return to the order to show cause alleged that plaintiff's petition does not state facts sufficient to constitute a cause of action against the defendant, nor does it state facts sufficient to state a cause of action in equity; that it appears on the face of the petition that the trial court, sitting as a court of equity, is without jurisdiction over the subject-matter of this suit for the reason that plaintiff has a full, complete, and adequate remedy at law. The return further contains a general denial and sets up that plaintiff's remedy is at law under the provisions of section 1675, et seq., Revised Statutes of Missouri, 1919, which provides a statutory mode of proceeding to set aside or quash an execution issued out of the circuit court, as well as the further legal remedy of replevin proceeding against any purchaser at the execution sale, and that the trial court, sitting as a court of equity, is without jurisdiction to inquire into the merits of the controversy in the justice court and can only do so as a court of law upon an appeal from the justice of the peace upon the merits of the case.

The action of the trial court must be sustained, it appearing from plaintiff's petition that he has, under the facts alleged, an adequate remedy at law.

It has been squarely held that where a justice of the peace, under section 2747, Revised Statutes of Missouri, 1919, appoints a private person as a special deputy for the service of a summons, such person is not regarded as an officer of the law, but as the agent, the rep-

resentative *pro hac vice*, of the party at whose instance and risk he is appointed, and that the return of such person is not conclusive but is merely prima-facie evidence of the facts of service therein set out (Stegall v. Amer. Pigment & Chemical Co., 150 Mo. App. 251, 130 S. W. 991; and cases therein cited), and that under section 1675, Revised Statutes of Missouri, 1919, relating to proceedings to set aside or quash executions (which provides that any person against whose property any execution shall be issued, may apply by petition, verified by oath, to any judge of the court out of which the execution may have been issued, setting forth good cause why same ought to be stayed, set aside, or quashed, giving reasonable notice of such intended application to the opposing party, and that thereupon such judge shall hear the complaint), the return of such person is open to attack by a motion to quash.

This section of our statutes provides the plaintiff a full, complete and adequate remedy at law for staying, setting aside or quashing the execution issued out of the circuit court, the enforcement of which plaintiff seeks to enjoin in his equity proceeding herein. [St. Louis & San Francisco Ry. Co. v. Lowder, 138 Mo. 533, 39 S. W. 799, 1. c. 800-1; N. E. Wallace & Sons Mfg. Co. v. Hagood Mfg. Co. (Mo. App.), 189 S. W. 32; Stegall v. American Pigment & Chemical Co., supra; Butler Bros. v. Cantwell et al. (Mo. App.), 287 S. W. 794.]

Holding as we do that plaintiff had an ample and adequate remedy at law, we hold that the action of the trial court in dismissing plaintiff's bill in equity was proper and the judgment is affirmed. *Nipper, J.,* concurs; *Haid, P. J.,* not sitting.