PAUL LEROY SMITH *v.* FELICIA M. SMITH YOUNG.

[No. 2-673A145. Filed April 29, 1974. Rehearing denied June 4, 1974. Transfer denied December 17, 1974.]

*Ruth E. Myer, Steers, Klee, Sullivan & Lemay,* of Indianapolis, for appellant.

*James M. Secrest, Hilgedag, Johnson, Secrest & Murphy,* of Indianapolis, for appellee.

SULLIVAN, P.J.—Appellant Smith appeals from denial of his Motion to Set Aside a Summary Judgment entered upon Appellee Young's Complaint to Enforce a Foreign Judgment. Young had earlier obtained a judgment of divorce in California. The California decree ordered Smith, the then husband of Young, to pay $1,000.00 to Young representing a contribution toward community debts totalling in excess of $3,000.00, attorney fees of $250.00, and costs of $40.50. Young's Indiana law suit was for the purpose of reducing to an Indiana judgment that portion of the California decree ordering payment of the $1290.50 total.

Apparently, the California summons and complaint were served personally upon Smith in Indiana by the Sheriff of Marion County pursuant to California's then existent "long arm" statute.

It is Smith's contention as first presented in his Motion to Set Aside Judgment that he was not a resident of California when Young commenced her divorce action nor when served. Thus, he argues, the California Court under the law of that state lacked jurisdiction to enter an in personam judgment and that the Indiana court should have permitted Smith to so prove, at a hearing upon Young's Motion for Summary Judgment. He relies upon *Williams* v. *North Carolina II* (1945), 325 U.S. 226, 65 S.Ct. 1092, which held that the North Carolina court was *permitted* to inquire into the proceedings had in Nevada to determine whether the Nevada court had jurisdiction. The *Williams* decision did not *require* such inquiry in any and all circumstances. It is not for us therefore to determine whether the California court in fact and in law had jurisdiction over Smith's person though

in this regard it may be noted that the burden of proof in attacking such a judgment rests upon the party claiming lack of jurisdiction. *Irons* v. *Irons* (1961), 242 Ind. 504, 178 N.E.2d 156; *Kniffen* v. *Courtney* (1971), 148 Ind. App. 358, 266 N.E.2d 72. It is to the point before us however, that a judgment of a sister-state regular and complete upon its face is prima facie valid. *McCarthy* v. *McCarthy* (1971), 150 Ind. App. 640, 276 N.E.2d 891.

It appears clear from the tenor of Ind. Rules of Procedure, Trial Rule 56(C) that the party against whom a Motion for Summary Judgment is directed should have an opportunity to oppose such Motion. While it is not necessary in all cases that a formal hearing be scheduled and conducted, the opposing party should have at least the 10 day period specified in the rule, within which to file opposing affidavits, memoranda of law and the like. The trial court should then, upon filing of a Motion for Summary Judgment, set a date for hearing giving notice thereof or give notice to the opposing party that counter affidavits and other materials must be filed on or before a date certain. *See Season-All Industries, Inc.* v. *Turkiye Sise Ve Cam Fabrikalari, A.S.* (1970 C.A. 3rd), 425 F.2d 34.

Expeditious processing of litigation is to be encouraged. It should not be done, however, so as to deny a reasonable period for the party against whom a Motion for Summary Judgment is directed to oppose the motion. We find, therefore, that the Court erred in not following a procedure as above delineated and in ruling upon the Motion for Summary Judgment without affording Smith reasonable opportunity to oppose it.

Whether that error requires reversal under the facts of this case, however, is quite another question. To be sure, Smith in his "Verified" Motion to Set Aside the Judgment asserts that he was not a resident of California when Young commenced her divorce action nor when he was served. Such

allegation, however, does not suffice in light of the circumstances and chronology of this cause.

Plaintiff Young's Indiana complaint was filed June 7, 1972. Defendant Smith sought and obtained an extension of time to file his answer to the complaint to and including July 14, 1972. No answer was ever filed. On October 31, 1972, Young filed her Request for Admissions which included a request for Smith to admit that prior to the date upon which Smith was served in Indiana with the California summons and complaint, he was a resident of California. That Request for Admissions contained a certification by counsel for Young that a copy thereof had been duly served by first class United States mail upon Smith's attorney of record. (In Smith's Motion to Set Aside the Judgment, counsel states that he never received the Request for Admissions). In any event, Smith at no time filed a response to the Request for Admissions. The Trial Court therefore was permitted for purposes of Summary Judgment to consider the matters set forth in Young's Request as admitted by Smith. Ind. Rules of Procedure, Trial Rule 36. Young's Motion for Summary Judgment was filed on December 12, 1972, a copy of which was served by mail and was received by Smith's attorney. Summary Judgment was entered December 18, 1972.

On December 26, 1972, the Verified Motion to Set Aside was filed on behalf of Smith. Hearing thereon was set and was thereafter conducted on February 14, 1973 at which time the parties were present by counsel and the Motion to Set Aside was overruled.

On the following day and within the requisite 60 days after entry of the Summary Judgment, Smith filed his Motion to Correct Errors.

The naked allegation contained in Smith's Motion to Set Aside Judgment was "verified" by his counsel. Ind. Rules of Procedure, Trial Rule 56 (E) clearly specifies, with reference to affidavits in opposition to a Motion for Summary Judgment, that they be made "on personal knowledge . . . and shall

show affirmatively that the affiant is competent to testify to the matters stated therein." It is clear that the stated belief of Smith's counsel that Smith was not a California resident at the time or times pertinent does not suffice even were it contained in an affidavit timely filed opposing the Motion for Summary Judgment. 10 Wright & Miller, *Federal Practice & Procedure* § 2738, p. 699. It does not, therefore, constitute a basis upon which we might hold, as a matter of law, that the trial court erred in refusing to set aside the judgment.

From the chronology above, we draw the appellate conclusion that Smith had more than ample time to properly and formally assert the defense which was first inadequately proffered in his Motion to Set Aside. Furthermore, he had adequate opportunity, whether by affidavit or otherwise, to tender proof of that defense immediately preceding or during the hearing which the trial court conducted upon the Motion to Set Aside. At no time throughout the eight month course of this litigation in the trial court did Smith tender probative substance to the claim he advances upon appeal.

Under such state of facts we are unable to say that the failure of the trial court to conduct a hearing before entering Summary Judgment has so prejudiced appellant as to require reversal. *Argus* v. *Matuska* (1968), 142 Ind. App. 430, 235 N.E.2d 205; *Ikerd* v. *Lapworth* (1970 C.A. 7th), 435 F.2d 197; *Oppenheimer* v. *Morton Hotel Corp.* (1963 C.A. 6th), 324 F.2d 766.

Judgment affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 310 N.E.2d 84.