Donald C. SHERMAN, Plaintiff-Appellant,

v.

AAA CREDIT SERVICE CORPORATION,
Defendant-Respondent.

No. 35662.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 17, 1974.

Rehearing Denied Oct. 15, 1974.

---

William J. Fletcher, Clayton, for plaintiff-appellant.

Phillip B. Sachs, Clayton, for defendant respondent.

DOWD, Chief Judge.

Appeal from a summary judgment. Plaintiff brought an abuse of process action against multiple defendants alleging that the defendants were part of a conspiracy which sued plaintiff for a debt which had been previously discharged in bankruptcy. The number of defendants was ultimately reduced to the single defendant in this appeal. Defendant's motion for summary judgment was granted and plaintiff appeals. We affirm.

According to plaintiff's petition, plaintiff filed for bankruptcy in 1964, at which time he listed and described a certain account with one of the original defendants, the Surety Investment Company. Plaintiff received his discharge on February 1, 1965, and proper notice was given. Nevertheless, in 1965, defendant Security Investment assigned this account to World-Wide Collection Service, Inc., and in 1966, the two companies filed suit against the plaintiff. Plaintiff alleges that defendant Uril Rogers was appointed as special deputy "at the request and risk of Surety Investment Company and World-Wide Collection Service, Inc.," for the purpose of serving plaintiff with process. It is further alleged that Rogers made a false return of service on plaintiff and a de-

fault judgment was entered against plaintiff in early 1967. Prior to the entering of the judgment, the collection of the account was assigned to defendant AAA Credit Service Corporation (hereinafter defendant), which began garnishment proceedings in June of 1967. These proceedings were dropped but similar proceedings instituted again in December of 1967.[1] These proceedings were also ultimately dropped.

Defendant filed its answer and on the same day filed a motion for summary judgment pursuant to Rule 74.04, V.A.M. R. On November 2, 1971, defendant filed an affidavit in support of its motion and on November 12, 1971, also filed a memorandum in support of its motion. Plaintiff filed no counter-affidavit, but instead filed what is denominated as his "Reply to AAA's Brief", which stated: "Plaintiffs have only their remedy at law. The judgment cannot be attacked in equity. (See Jones v. Overall, [223 Mo.App. 266] 13 S.W.2d 581 (St. Louis Appeals 1929)." The motion for summary judgment was granted on January 3, 1972.

Plaintiff's first contention on appeal is that the trial court erred in failing to hold a hearing on the summary judgment motion. Defendant claims prejudice arguing that without a date set for hearing, he did not know the deadline date for the filing of his counter-affidavit. Defendant contends, however, that both parties were proceeding under the theory that the trial court had utilized Rule 55.30 (Formerly 55.42) and ordered written briefs in lieu of a hearing. This contention appears to us to be the most reasonable, especially since plaintiff denominated his responsive statement as a "Reply to AAA's brief". Furthermore, we fail to see what prejudice befalls plaintiff, since he had ample opportunity—two full months—to file

---

1. There is a dispute between the parties as to the reason the first garnishment was dismissed. Plaintiff claims that he notified defendant that he had been discharged in bankruptcy which caused defendant to drop the garnishment. Defendant claims that the plaintiff contended that the account had been settled and that he would lose his job unless the garnishment was dropped and that this caused defendant to drop the garnishment.

a counter-affidavit before the entering of summary judgment on January 3, 1972. One of the purposes of requiring a hearing on a summary judgment is to insure that the parties have the opportunity to assemble and present evidence supporting their positions. Under the circumstances of this case, the trial court was correct in assuming plaintiff had no more evidence to submit before he granted defendant's motion for summary judgment.

Plaintiff further contends on appeal that the trial court erred in granting summary judgment because there remained genuine issues of material fact at the time judgment was rendered. Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Rule 74.04(c). Henkel v. City of Pevely, 504 S.W.2d 141, 149 (Mo.App.1973).

■ The posture of the case at the time the motion for summary judgment was entered was that defendant had filed an affidavit in support of the motion and plaintiff filed no counter-affidavit, even though he had more than two months to do so. The rules and the cases are clear as to the effect of failing to file a counter-affidavit. The facts alleged in support of the motion must be deemed admitted and taken as true. Bently v. Wilson Trailer Company, 504 S.W.2d 277, 278 (Mo.App.1973). Plaintiff cannot "sit idly by, rely upon his pleadings . . . , or argue that he has evidence for trial that will disclose issues of fact. Rather, he must come forward then with affidavits, depositions, documentary or other evidence that *material fact issues* do *in fact* exist . . . . Otherwise he is helplessly vulnerable to the 'harsh and drastic' remedy of summary judgment." Kroh Brothers Dev. Co. v. State Line Eighty-Nine, Inc., 506 S.W.2d 4, 12 (Mo.App.1974). That is what happened to defendant in the *Kroh* case and that is the position of our instant plaintiff.

■ The admission of the alleged facts in defendant's affidavit does not, however, call for automatic summary judgment. The facts admitted in the affidavit must still present unassailable proof that movant is entitled to summary judgment as a matter of law. Rule 74.04(h); Bently v. Wilson Trail Company, *supra*. Our examination of the admitted facts convinces us that the summary judgment granted here was proper.

The affidavit of the president of defendant AAA established the following facts: (1) On or about January 1, 1967, World-Wide ceased operation and referred its accounts to defendant AAA for handling. (2) Sometime after February 9, 1967, Surety informed defendant AAA that a Magistrate Court judgment had been obtained against plaintiff. (3) But Surety was unable to collect the judgment, and asked defendant AAA, as assignee of World-Wide's accounts, to proceed with collection. (4) Surety asked defendant AAA to institute garnishment proceedings against plaintiff. (5) On May 11, 1967, Surety, through defendant AAA as its agent, instituted garnishment proceedings. But plaintiff told defendant AAA that the account had been taken care of, that Surety could verify this, and that plaintiff would lose his job if the garnishment were not immediately released. Defendant AAA promptly released the garnishment. (6) Defendant AAA was later advised that plaintiff had not taken care of the account. And so on November 22, 1967, garnishment was reinstituted. Plaintiff then advised defendant AAA of his 1964 bankruptcy proceeding and that Surety had been included in the bankruptcy proceeding and that Surety had been included in the bankruptcy schedules. Defendant AAA verified this and immediately released the garnishment. (7) Defendant AAA had no knowledge of plaintiff's bankruptcy proceeding until after the second garnishment had been issued and

served. (8) Defendant AAA had no part in obtaining the February 9, 1967, judgment against plaintiff. (9) Defendant AAA had no part in the appointment of Uril Rogers as special deputy for the purpose of serving plaintiff with summons.

The Missouri Supreme Court has set forth the test for abuse of process as follows: "(1) that the defendant made an illegal, improper, perverted use of the process, a use neither warranted nor authorized by the process, and (2) that the defendant had an ulterior motive or purpose in exercising such illegal, perverted, or improper use of process, and (3) that damage resulted to the plaintiff from the irregularity." National Motor Club of Missouri, Inc. v. Noe, 475 S.W.2d 16, 24 (Mo.1972).

█ The facts admitted by plaintiff's failure to file an opposing affidavit do not support plaintiff's charge that defendant conspired to obtain a default judgment against plaintiff by means of a false and fraudulent return of service. By the admission, defendant AAA had no part in obtaining the default judgment and no part in appointing the special deputy who allegedly failed to serve plaintiff with summons. In fact, plaintiff by his own petition alleges that it was the other two defendants, Surety Investment Company and World-Wide Collection Service, Inc., who had secured the appointment of defendant Uril Rogers to serve the process on plaintiff and that this was done "at the request and risk" of these other two defendants.

Likewise, the admitted facts show no conspiracy on the part of defendant AAA to harass and annoy plaintiff in his relationship with his employer. Defendant AAA did not know of the bankruptcy proceedings until after the second garnishment. Prior to such knowledge, defendant AAA had brought the two garnishment pro-

ceedings in a good-faith effort to collect a debt it believed was owed to Surety.

As plaintiff made no response to defendant's motion and as the facts admitted as true show no illegal conspiracy to abuse process or wrongfully harass plaintiff through improper garnishment proceedings, no genuine issue of material fact existed at the time summary judgment was granted. Appellant also attacks the affidavit submitted by defendant on the grounds that there was a lack of personal knowledge by the affiant and on his competency to testify. We have examined the affidavit and find that it is in compliance with Rule 74.04(e).[2]

No error appearing, the judgment is affirmed.

SIMEONE, WEIER and KELLY, JJ., concur.

---

2. Rule 74.04(e) requires that affidavits shall be made on personal knowledge and shall affirmatively show that the affiant is competent to testify to the matters therein. The affiant in defendant's affidavit was the president of defendant company and testified in behalf of defendant. Plaintiff makes no showing why a corporate president is not competent to testify as to corporate matters, nor does he support his allegation that the affiant did not have personal knowledge.