Emma (Thompson) OTTE, Appellant (Plaintiff Below),

v.

Marcia TESSMAN, Appellee (Defendant Below).

No. 3–179A22.

Court of Appeals of Indiana, Third District.

Nov. 26, 1980.

1224

Stephen H. Meyer, Richard D. Small, Jr., Chudom & Meyer, Schererville, for appellant.

Lowell E. Enslen, Gary K. Matthews, Hammond, for appellee.

HOFFMAN, Judge.

This appeal arose from the sustaining of a motion for summary judgment filed by defendant–appellee Marcia Tessman in an action brought by plaintiff–appellant Emma Thompson Otte. The facts established by the record are as follows: In the complaint filed March 11, 1975 it was alleged that Otte was a resident of Lake County; that Tessman maliciously initiated a civil proceeding to have herself appointed as guardian of Otte's estate; that Tessman was subsequently appointed as said guardian; that Tessman caused Otte to be taken against her will to the Decatur Community Care Center where she was confined for eight months; that Tessman falsely imprisoned Otte at the East Chicago Rehabilitation Center for nine months; that in the process of this wrongful detention Tessman committed an assault and battery on Otte; that Tessman slandered Otte; that Tessman converted Otte's property including a house trailer, clothing, linen, dishes, furniture, social security checks and other personal effects; and that Tessman deprived Otte of certain constitutional rights actionable under 42 U.S.C.A. § 1983.

Tessman answered in denial and filed responses to Otte's interrogatories. On January 24, 1978 Tessman filed her motion for summary judgment. Attached to the motion were a memorandum in support thereof, her affidavit and court records pertaining to the appointment of the guardianship. Otte failed to file any matters pertinent to the motion and on June 7, 1978 the motion was granted with judgment entered as follows:

"The Court further finds with regards to defendant, Marcia Tessman:

1. That the sole acts or actions herein of defendant, Marcia Tessman, were performed under her duties as court appointed welfare guardian.

2. That there are no genuine issues as to any material facts in this action with regards to the allegations against defendant, Marcia Tessman.

3. That defendant, Marcia Tessman, is entitled to judgment as a matter of law.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that:

\*　　\*　　\*　　\*　　\*　　\*

2. Judgment be entered in favor of defendant, Marcia Tessman, dismissing this action against her."

Otte sets out two issues for review:

(1) whether the trial court committed reversible error in failing to fix a hearing date or a date by which all evidentiary materials in support of or opposition to the motion for summary judgment must be filed; and

(2) whether the trial court improperly granted summary judgment on the basis of the record before it.

At the threshold of her appeal Otte challenges the propriety of the summary judgment on procedural grounds arguing that the entry should be set aside because no date was fixed for hearing on the motion. She claims that without a date set for hearing or else notice of a day on which the trial court would take the matter under advisement she was denied the opportunity to oppose the motion in that the hearing date operates as a cut–off point for the filing of opposing affidavits.

To sustain her position Otte relies on Ind.Rules of Procedure, Trial Rule 56(C) which provides, in part, as follows:

"The motion shall be served at least ten [10] days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits."

■ Otte first maintains this rule contemplates that a hearing must be held on all motions for summary judgment. This assertion misses the mark. Although the party against whom a motion for summary judgment is directed should have an oppor-

tunity to oppose such motion, it is not necessary in all cases that a formal hearing be scheduled and conducted. *Smith v. Young* (1974), 160 Ind.App. 83, 310 N.E.2d 84. *Cf.: Kibort v. Hampton* (5th Cir., 1976) 538 F.2d 90 (ten days' advance notice that matter will be considered as of a certain date is equivalent to an opportunity to be heard); *Smart v. Jones* (5th Cir., 1976) 530 F.2d 64 (informal conference conducted in judge's chambers complies with TR. 56(C), a formal evidentiary hearing prior to the entry of summary judgment not being required; *Sherman v. AAA Credit Service Corporation* (1974) Mo.App., 514 S.W.2d 642 (written briefs in lieu of a hearing were sufficient).

The Ohio Court of Appeals reached a similar conclusion in *Gates Mills Inv. Co. v. Vil. of Pepper Pike* (1978) 59 Ohio App.2d 155, 392 N.E.2d 1316, at 1321–1323 and its discussion seems appropriate here:

"The first assignment of error deals with the question of whether an oral hearing is mandatory under Civ.R. 56. Appellant contends that the language contained in Civ.R. 56(C) that the motion for summary judgment shall be served at least 14 days before the time fixed for hearing means that there must be a hearing whenever a motion for summary judgment is filed. "Appellee contends that this language does not require a hearing on every motion for summary judgment, but that a hearing may be granted within the trial court's discretion if an application for a hearing is filed. If the application is granted the motion shall be served upon the opposing party at least 14 days before the hearing. This would afford the opposing party an opportunity to prepare opposing affidavits and serve and file them before the day of the hearing. "A careful review of the Ohio Rules of Civil Procedure demonstrates that whenever these rules intend that a hearing shall be held such intention is clearly expressed. For example, it is stated in clear language in Civ.R. 12 that a hearing and determination are required before trial on application of any party when the defenses enumerated in Civ.R. 12(B)(1)

through (7) are raised. This does not include a motion for summary judgment. Also when a motion for a new trial is granted by the trial court for a reason not stated in the party's motion seeking a new trial, the Civil Rules provide that the court must give the parties notice and an opportunity to be heard on the matter. "In addition, Civ.R. 65 which deals with injunctions provides that in case a temporary restraining order is granted without notice the motion for preliminary injunction shall be set down for hearing at the earliest possible time. This is a clear mandate that there shall be a hearing on a motion for preliminary injunction. Civ.R. 56 does not contain such language. "On the other hand, when it is discretionary as to whether an oral hearing will be given, language similar to that contained in Civ.R. 56(C) is used. For example, Civ.R. 6(D) states that a notice of hearing shall be served not later than 7 days before the time fixed for the hearing on a motion for relief from judgment. The language in Civ.R. 56(C) provides that a notice of a hearing shall be served not later than 14 days before the time fixed for the hearing. Neither Civ.R. 6(D) nor Civ.R. 56(C) require that there be a hearing on every motion.

\* \* \* \* \* \*

"It is our conclusion that it is not mandatory that there be an oral hearing on every motion for summary judgment even if one were requested. Civ.R. 56(C) does not expressly require an oral hearing on every motion for summary judgment. The only possible way to read this into Rule 56(C) would be by implication and this would be stretching the language of the rule too far.

"The language that motion must be filed 14 days before the date of the hearing merely means that if the trial court does exercise its discretion and conducts a hearing, the motion for summary judgment must be served on the opposing party at least 14 days before the date set for the hearing. This will then afford

the opposing party adequate time to file and serve opposing affidavits." (Footnotes omitted)

Similarly, the Indiana Rules of Procedure expressly indicate those instances in which a hearing must be held. For example, Ind. Rules of Procedure, Trial Rule 23(C)(1) provides that the court upon hearing or waiver of hearing shall determine whether an action brought as a class action is to be so maintained. Also Ind.Rules of Procedure, Trial Rule 41(E) demands that whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty days the court shall order a hearing for the purpose of dismissing such case. Ind.Rules of Procedure, Trial Rule 60(D) recites that in passing upon a motion for relief from a judgment or order due to mistake, excusable neglect, newly discovered evidence, fraud, etc. ... the court shall hear any pertinent evidence. And in Ind.Rules of Procedure, Trial Rule 65(A)(1) it is stated that no preliminary injunction shall be issued without an opportunity for a hearing. Attention is also invited to Ind.Rules of Procedure, Trial Rule 73(A) which provides that in order to expedite its business the court may direct the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.

█ Yet insofar as a judgment under TR. 56 is on the merits rather than simply a dismissal with leave to replead, care must be taken to assure the non–moving party an opportunity to resist the motion and interpose opposing affidavits. Wright and Miller, Federal Practice and Procedure: Civil § 2719. As noted in *Smith v. Young, supra,* 160 Ind.App. 83, at 85, 310 N.E.2d 84, at 86:

> "It appears clear from the tenor of Ind. Rules of Procedure, Trial Rule 56(C) that the party against whom a Motion for Summary Judgment is directed should have an opportunity to oppose such Motion. While it is not necessary in all cases that a formal hearing be scheduled and conducted, the opposing party should have at least the 10 day period specified in the rule, within which to file opposing affidavits, memoranda of law and the like. *The trial court should then, upon filing of a Motion for Summary Judgment, set a date for hearing giving notice thereof or give notice to the opposing party that counter affidavits and other materials must be filed on or before a date certain. See Season–All Industries, Inc. v. Turkiye Sise Ve Cam Fabrikalari, A. S.* (1970 C.A.3rd), 425 F.2d 34." (Emphasis added.)

Fairness and orderly procedure dictate then that in the absence of an oral hearing there must be reasonable notice to the parties of a certain date beyond which the court will not permit additional evidentiary material in support of or opposition to the motion. Due to the failure of the trial court to follow this prescribed procedure it committed error.

█ But was the error prejudicial? Otte advances the argument that prejudice ought to be presumed. This position is not well taken. One who seeks to disturb the judgment of the trial court must affirmatively show an erroneous ruling and resulting prejudice to appellant; a court of review does not indulge contrary presumptions to sustain allegations of error. *Meeker v. Robinson* (1977), Ind.App., 370 N.E.2d 392.

Alternatively Otte seeks to demonstrate the prejudicial nature of the shown error by pointing out that her trial strategy was to wait until the court set a hearing date and then file opposing affidavits the day before the hearing. Without notice of a hearing date Otte reasons that she was deprived of the opportunity to prove the existence of material issues of fact. This question was addressed in *Sherman v. AAA Credit Service Corporation, supra,* 514 S.W.2d 642, at 643–644:

> "Plaintiff's first contention on appeal is that the trial court erred in failing to hold a hearing on the summary judgment motion. Defendant claims prejudice arguing that without a date set for hearing, he did not know the deadline date for the filing of his counter–affidavit. Defend-

ant contends, however, that both parties were proceeding under the theory that the trial court had utilized Rule 55.30 (Formerly 55.42) and ordered written briefs in lieu of a hearing. This contention appears to us to be the most reasonable, especially since plaintiff denominated his responsive statement as a 'Reply to AAA's brief.' Furthermore, we fail to see what prejudice befalls plaintiff, since he had ample opportunity—two full months—to file a counter–affidavit before the entering of summary judgment on January 3, 1972. One of the purposes of requiring a hearing on a summary judgment is to insure that the parties have the opportunity to assemble and present evidence supporting their positions. Under the circumstances of this case, the trial court was correct in assuming plaintiff had no more evidence to submit before he granted defendant's motion for summary judgment."

And in *Allen v. Beneficial Finance Co. of Gary, Inc.* (7th Cir., 1976) 531 F.2d 797, at 799–800, there appears this language:

"As a preliminary issue, the defendant claims that the trial court made a procedural error in granting the plaintiff's motion for summary judgment without allowing oral argument or the submission of materials in opposition to the motion. The defendant filed its motion for summary judgment on March 4, 1975. The plaintiff's motion was filed six days later on March 10. The trial court entered its Memorandum Opinion and Order on May 1, 1975 over one and a half months later. "Rule 56 of the Federal Rules of Civil Procedure allows a party to move for summary judgment at any time (except that the plaintiff must wait 20 days after the commencement of the action) with or without supporting affidavits. Fed.R. Civ.P. 56(a) and (b). The motion must be served at least 10 days prior to the time for hearing. Fed.R.Civ.P. 56(c). This was certainly complied with as more than a month and a half passed between motion and judgment. If the defendant had wished to file any other affidavits or had sought oral argument, it had adequate time to request it."

According to the record Otte filed her complaint on March 11, 1975. On June 6, 1977 the trial court set a hearing to show cause why dismissal should not be entered for want of prosecution. After conducting a hearing on the matter the court ordered that dismissal should not be entered. On January 24, 1978 defendant moved for summary judgment which was granted on June 7, 1978.

■ Thus, it appears there was a 4½ month interval between filing and granting of the motion in which Otte could have presented opposing affidavits. After this substantial period of time had elapsed the trial court was correct in assuming that plaintiff had no further evidence to offer before it granted defendant's motion for summary judgment.

■ In response to the contention that Otte was denied the opportunity to "spring" her affidavits on defendant the day before the hearing, it should be observed that the day when trial by ambush ruled the courts has long since passed. Surprise as a weapon of attack is not to be sanctioned as the modern rules of procedure were designed to eliminate the old concept of litigation as a battle of wits. A party opposing a motion for summary judgment must be diligent in countering the motion. Otte cannot claim prejudice from the fact that the trial court took the sporting element out of her lawsuit.

■ Turning now to Otte's other contention, it is submitted that even if she was not prejudiced by the failure of the trial court to hold a hearing or set a date for the filing of opposing affidavits summary judgment was nonetheless improperly granted because the record indicated genuine issues of material fact as to Tessman's liability for false imprisonment, slander and defamation, battery, conversion and deprivation of constitutional rights under 42 U.S.C.A. § 1983. However, an examination of the motion to correct errors filed by Otte reveals that, with the exception of the conver-

sion issue, none of the allegations of error in this regard were preserved for consideration.

Of the twelve paragraphs contained in the motion, eight pertain to the first issue raised in this appeal, that is, application of TR. 56(C). The remaining paragraphs read as follows:

"9. That in the misappropriating of plaintiff's property, Marcia Tessman was not acting in her capacity as a guardian over the property of plaintiff and thus, since she was acting in her own individual person capacity, is personally liable.

"10. That the affidavit of Marcia Tessman filed in support of her motion is defective.

"11. That the alleged defects in plaintiff's complaint which Marcia Tessman raises are subject to correction by amendment to the pleading and do not warrant summary judgment.

"12. That the granting of Marcia Tessman's Motion For Summary Judgment is contrary to law."

Paragraph (9) apparently assigns as error the rendering of summary judgment against Otte on her conversion claim. But with respect to the other counts of her complaint the assignment that the summary judgment order was contrary to law suffers from a lack of specificity.

In *Macken v. City of Evansville* (1977), Ind.App., 362 N.E.2d 202 the thrust of the motion to correct errors was that uncorrected errors of law occurred as a result of the trial court's granting of defendant's motion for summary judgment and overruling of plaintiff's motion for summary judgment. Holding that such an allegation preserved nothing for review the court noted at 204 of 362 N.E.2d:

"The function of the motion to correct errors is to focus on important alleged errors to give the trial judge a closer perspective than might have been available during the regular course of the proceedings. The judge has a chance to reflectively consider the allegations of errors, make corrections if warranted, and

perhaps thereby, foreclose the necessity of an appeal. At the same time, the motion to correct errors, in the event of an appeal, will have narrowed the field of the review so that the appellate court will not be faced with a virtual trial *de novo*. "In the instant case, the motion to correct errors was non–specific as to alleged errors, and neither does the record disclose the existence of an accompanying affidavit which might have specifically set forth errors complained of generally in the motion. The trial judge, being unapprised of specific alleged errors, could not reasonably have done other than deny the motion to correct errors, nor can we."

And in *Hasket, Extr. v. Haskett* (1975), 164 Ind.App. 105, at 111, 327 N.E.2d 612, at 616, it was said:

"The purported issue concerning a 'partial summary judgment' was not properly raised nor preserved in the trial court and accordingly is not before us.

"Careful examination of the Motion to Correct Errors discloses no allegation that the trial court improperly granted a motion for summary judgment as to a disputed fact, i. e., Clyde's acknowledgement of paternity. Such assertion is necessary in order to properly present error on appeal. Ind. Rules of Procedure, Trial Rule 59(G), *Richards v. Crown Point Community School Corp.* (1971), 256 Ind. 347, 269 N.E.2d 5."

In the present case the statement of alleged error in paragraph (12) was general–not specific. Without the claimed errors being specifically set out and accompanied by a statement of the facts and grounds relied upon, the trial court cannot know the errors it is requested to correct, and the reviewing court cannot intelligently examine the proceedings to determine whether error has been committed. Inasmuch as there was no specific statement in the motion to correct errors alerting the trial court that there were disputed issues of fact surrounding the claims of false imprisonment, slander and defamation, battery and deprivation of constitutional rights under 42 U.S.C.A. § 1983, Otte cannot be heard to complain of the ruling on these matters.

With respect to the conversion issue Otte's complaint charged that Tessman seized her house trailer, clothing, linens, dishes, furniture, monthly social security checks and other property while she was falsely imprisoned. Tessman's answer denied these allegations.

 In an affidavit filed with her motion for summary judgment, Tessman averred that she procured social security, medicare and medicaid benefits on behalf of Otte pursuant to IC 1971, 12-1-3-11 (Burns Code Ed.).[1] This statute provides in general that if a recipient for public assistance is physically or mentally incapable of managing his affairs or refuses to take care of his money properly, the county department of public welfare may designate, upon petition to and with the approval of the circuit court judge, a responsible person to act for the recipient and receive on his behalf any assistance which he is eligible to receive under the provisions of IC 1971, 12-1-3-1-12-1-12-17. Inasmuch as Tessman merely acted in accordance with this statutory authority it was proper for the trial court to conclude as a matter of law that she did not convert these assistance payments.

Tessman's affidavit also averred "that at no time did your affiant received [sic], seize, or hold property of the plaintiff other than that listed in Exhibit 'C', . . . nor did your affiant receive, seize or hold plaintiff's house trailer, clothing, linens, dishes, furniture, or other property, or convert it to your affiant's use." Otte makes much of the fact that Exhibit C was never filed and posits that this omission raises a material issue of fact.

 This argument is not well taken as the reference to Exhibit C was mere surplusage. Other than the assistance benefits Tessman's affidavit specifically denied that she took any of the articles alleged in the complaint to have been converted. Insofar as Otte did not respond by affidavit or otherwise to the facts set forth in this affidavit it was appropriate to render summary judgment as an adverse party may not rest upon the mere allegations of his pleading in such cases. TR. 56(E). Moreover, it appears from the context of the affidavit that Exhibit C pertains to the assistance benefits. This reference immediately follows the averment that Tessman received the assistance benefits only and directly precedes the denial that any other property belonging to Otte was taken.[2]

For these reasons the judgment of the trial court must be affirmed.

Affirmed.

GARRARD, P. J., concurs in result with opinion.

STATON, J., dissents with opinion.

GARRARD, Presiding Judge, concurring.

I concur with the majority's determination that an actual hearing with counsel present and argument afforded is not mandated by Indiana Rules of Procedure, Trial Rule 56 before a motion for summary judgment may be ruled upon. I further agree that in the absence of such a hearing the parties are entitled to reasonable notice of a date certain within which they must submit any materials they desire to have considered in the submission.

However, I cannot subscribe to the notion that the purposes for such notification are fulfilled merely by the lapse of 4½ months within which materials might have been filed.

On the other hand, the appellant did not by TR. 60 motion or by other means ever bring before the court precisely the facts he

---

1. This statute was amended by Acts 1978, P. L. 2, Section 3602 providing that this section take effect July 1, 1978.

2. Tessman's memorandum in support of her motion for summary judgment explained that Exhibit C was a record of the assistance benefits received and disbursed by Tessman on Otte's behalf. Of course a brief is not a pleading, deposition, admission, answer to interrogatories or affidavit within the meaning of the Rules of Civil Procedure and the court cannot look to a brief to determine the existence of a genuine issue as to a material fact. *Schill v. Choate* (1969), 144 Ind.App. 543, 247 N.E.2d 688.

now asserts he was prevented from utilizing. Indeed, we have been left in the dark on appeal as to what these facts may consist of. In my view, the appellant has thus failed to demonstrate prejudice from the court's premature entry of judgment.

It follows that the error was thus not reversible. For this reason I concur in the result reached.

STATON, Judge, dissenting.

I dissent from the majority opinion. Prejudice is presumed on appeal where a trial court fails to follow the mandate of Trial Rule 56 which provides that the trial court fix a time for a hearing on the motion for summary judgment before ruling upon the motion. The fixing of time for a hearing is the cornerstone which supports the equitable operation of Trial Rule 56. It is the notice to the parties that motions to publish depositions must be filed and granted by the trial court before the time fixed if the depositions are to be considered by the trial court. *Augustine et al. v. First Federal Savings and Loan et al.* (1979), Ind., 384 N.E.2d 1018. It is notice to the parties that they must ask for an extension of time if they are contemplating the taking of a deposition which they wish the trial court to consider. If no time is fixed by the trial court, and it renders summary judgment, a party may find that the avenue to further discovery has been closed and that the showing of prejudice is now impossible. I would remand this cause to the trial court for the fixing of a time for a hearing on the motion for summary judgment.

The equitable operation of the Rule contemplates a wide range of options for the trial judge to control and manage litigation and at the same time shorten the fact finding process. This equitable operation of the Rule hinges upon the fixing of time for a hearing when the trial judge can determine whether a hearing is necessary "from the affidavits and testimony offered upon the matters placed in issue by the pleadings or such evidence." The time fixed for hearing on a motion for summary judgment is a time when the trial judge may dispose of some of the issues or if summary judgment is not issued, the trial judge may interrogate the counsels of the parties "if practicable to ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted." TR. 56(D) further provides:

"It shall thereupon make an order specifying the facts that appear without substantial controversy including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

TR. 56(E) provides that "The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, further affidavits, or, within the discretion of the judge, testimony of witnesses." If a party wishes to present a witness to the trial court on a particular issue, he would have to know when the time was fixed by the trial court for the hearing so that he could notify the witness or ascertain whether the witness would be available. Without the fixing of time for a hearing, the entire summary judgment procedure would play havoc with the practicing attorney's efforts to serve his client who is really prejudiced if he is denied his attorney's considered judgment on matters before the trial court.

I think that it should be noted that the majority opinion does not cite any Indiana cases to support its conclusion that prejudice must be shown before failure to fix a time for hearing on a motion for summary judgment is reversible error on appeal. None of the cases cited are applicable. Furthermore, any change in the plain and unambiguous meaning of the Rule should be made by the Indiana Supreme Court.

I disagree with the Majority Opinion in its attempt to take Mrs. Otte to task for suggesting that she intended to file affidavits on the day before the time fixed for the hearing. Again, the Rule is quite explicit. The Rule gives Mrs. Otte this right. It provides:

"The adverse party prior to the day of hearing may serve opposing affidavits...."

The Majority Opinion nullifies this right and changes the rule:

"In response to the contention that Otte was denied the opportunity to 'spring' her affidavits on defendant the day before the hearing, it should be observed that the day when trial by ambush ruled the courts has long since passed. Surprise as a weapon of attack is not to be sanctioned as the modern rules of procedure were designed to eliminate the old concept of litigation as a battle of wits. A party opposing a motion for summary judgment must be diligent in countering the motion. Otte cannot claim "prejudice from the fact that the trial court took the sporting element out of her lawsuit." [1]

The above statement by the Majority Opinion is wrong. If Otte had the right to file affidavits the day before the time fixed for hearing and intended to file affidavits but was prevented from doing so because the trial court failed to fix a time for hearing, she is prejudiced. She has a right to expect that the trial court will follow the Indiana Rules of Procedure with the same spirit and sense of responsibility as all members of the practicing bar are expected to follow the Indiana Rules of Procedure. If the failure to obey the clear, explicit dictates of the Indiana Rules of Procedure can be simply dismissed as harmless error, then, the erosion of an orderly judicial system has begun. If the clear, explicit meaning of the Indiana Rules of Procedure can be re–written by judicial opinion to avoid the consequence of a violation, then, the shroud of confusion will prevent any meaningful, just, and predictable solution to those disputes which must be resolved in our courts. If the clearly mandatory language of the Indiana Rules of Procedure can be rendered a nullity by the judicial opinion of this Court, then, the labors and deliberations of the Rules Committee to draft and recommend rules as well as the efforts expended in the adoption of rules by the Indiana Supreme Court will become mere trumperies.

Therefore, I dissent, and I would remand this cause back to the trial court with instructions to fix a time for a hearing on the motion for summary judgment.

---

1. Indiana Rules of Procedure, TR. 56 is a modern rule of procedure and specifically gives Mrs. Otte the right to file affidavits the day before the hearing. It is designed to establish genuine issues of facts or uncontroverted facts so that judicial time can be conserved in the fact finding process. Where the facts are uncontroverted a summary judgment may be appropriate.