## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 14 2020, 6:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paul J. Watts
Spencer, Indiana

ATTORNEYS FOR APPELLEE

Dina M. Cox
Neal Bowling
Lewis Wagner, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kenneth Eugene Bardonner, *Appellant-Defendant,* | February 14, 2020 |
| | Court of Appeals Case No. 19A-CC-2222 |
| v. | Appeal from the Monroe Circuit Court |
| Clendening, Johnson, & Bohrer, P.C., *Appellee-Plaintiff.* | The Honorable Elizabeth A. Cure, Judge |
| | Trial Court Cause No. 53C01-1810-CC-2112 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant/Counter-Claimant, Kenneth Bardonner (Bardonner), appeals the trial court's summary judgment in favor of Appellee-Plaintiff/Counter-Defendant, Clendening, Johnson & Bohrer, P.C. (CJB Attorneys), on Bardonner's counterclaim for legal malpractice.

We affirm.

# ISSUE

Bardonner presents this court with one issue on appeal, which we restate as: Whether a genuine issue of material fact exists that Bardonner's counterclaim for legal malpractice is without merit and therefore can diminish or defeat CJB Attorneys' claim for unpaid legal fees pursuant to Indiana Trial Rule 13(J).

# FACTS AND PROCEDURAL HISTORY

Veronika Bardonner (Veronika) and Bardonner were married on May 18, 2003, and had two children. On April 27, 2015, Veronika filed a petition for dissolution of marriage. Pursuant to an agreement for legal services, Bardonner retained CJB Attorneys to represent him in the dissolution proceedings. On May 13, 2015, Veronika's counsel sent an email to Bardonner's counsel, indicating that Veronika had concerns about Bardonner receiving unsupervised visitation with the then four-year-old twin children because of his prior behavior, which included arrests and convictions for public nudity and public indecency. Veronika's counsel suggested to institute supervised visitation until a psychological evaluation could be completed. After discussing Veronika's

counsel's email with Bardonner, CJB Attorneys counseled him as to the risks and likely results of challenging Veronika's request for supervised visitation. Given Bardonner's criminal history and Veronika's concerns, CJB Attorneys "believed that it was more likely than not that the court would require supervised visitation as Veronika demanded – at least provisionally and pending a psychological evaluation." (Appellant's App. Vol. II, pp. 72-73). CJB Attorneys advised Bardonner that "if he did not enter into an agreement with Veronika, there was a risk that the court could impose even more restrictive terms." (Appellant's App. Vol. II, p. 73).

[5] On May 20, 2015, Bardonner and Veronika executed an Interim Agreed Entry (Agreed Entry), filed with the court, in which they agreed that Dr. Jennifer Spencer (Dr. Spencer) would conduct psychological evaluations of both parties to determine whether either parent posed a possible safety risk to the children. Meanwhile, the parties agreed that supervised visitation would take place "until further agreement or order of the court, if [Dr. Spencer] determine[d] that such supervision [was] unnecessary." (Appellant's App. Vol. II, p. 73). Bardonner voluntarily signed the Agreed Entry after reading it and being afforded the opportunity to ask CJB Attorneys' questions about its legal significance and consequences. Pursuant to the Agreed Entry, Dr. Spencer evaluated Bardonner and issued her report on July 17, 2015. Based on Dr. Spencer's findings and conclusions, the trial court imposed supervised visitation with the children.

[6] On August 3, 2015, Bardonner emailed CJB Attorneys, expressing his displeasure with "[t]he almost total loss of visitation" which was "intolerable []

and extremely harmful to [himself] and [the] children." (Appellant's App. Vol. II, p. 112). Claiming to have "never asked for this inane arrangement," Bardonner informed CJB Attorneys that he wanted "to cut [his] losses and try an out-of-town firm." (Appellant's App. Vol. II, p. 112). Accordingly, CJB Attorneys withdrew from the case on August 5, 2015, and Bardonner hired new representation.

[7] On October 11, 2018, CJB Attorneys filed their Complaint for unpaid legal fees, owed by Bardonner for the work performed during his dissolution proceedings. On December 4, 2018, Bardonner, proceeding *pro se*, filed his Answer to the Complaint and asserted a counterclaim, arguing that CJB Attorneys "failed to exercise ordinary skill and knowledge causing extensive emotional and financial damage[.]" (Appellant's App. Vol. II, p. 27). On January 23, 2019, CJB Attorneys filed their answer to Bardonner's counterclaim, asserting that his legal malpractice claim was barred by the statute of limitations. On July 11, 2019, Bardonner, represented by counsel, filed a motion to amend counterclaim, seeking permission to add a breach of contract claim. On July 18, 2019, CJB Attorneys filed their motion for summary judgment on the counterclaim.

[8] On July 24, 2019, the trial court set Bardonner's motion to amend his counterclaim for a hearing on November 4, 2019, and signed CJB Attorneys' proposed summary judgment on July 30, 2019. On August 7, 2019, CJB Attorneys moved to vacate the trial court's order as having been improperly issued and requested that their summary judgment motion be scheduled for a

hearing on November 4, 2019. CJB Attorneys' motion was granted by the trial court.

On August 26, 2019, CJB Attorneys filed their supplemental brief, contending that they were entitled to summary judgment as there was no genuine dispute of material fact and that Bardonner had failed to come forward on a timely basis with evidence to demonstrate the existence of a disputed fact. Three days later, on August 29, 2019, Bardonner filed his statement in opposition. On September 18, 2019, the trial court, without a hearing and without deciding Bardonner's motion to amend his counterclaim, signed CJB Attorneys' proposed order, granting summary judgment in their favor on the counterclaim for legal malpractice.

Bardonner now appeals. Additional facts will be provided if necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id*. at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id*. at 608. A fact is 'material' for summary judgment purposes if

it helps to prove or disprove an essential element of the plaintiff's cause of action; a factual issue is 'genuine' if the trier of fact is required to resolve an opposing party's different version of the underlying facts. *Ind. Farmers Mut. Ins. Group v. Blaskie*, 727 N.E.2d 13, 15 (Ind. 2000). The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *First Farmers Bank & Trust Co.*, 891 N.E.2d at 607.

[12] We observe that, in the present case, the trial court entered findings of fact and conclusions thereon in support of its judgment. Generally, special findings are not required in summary judgment proceedings and are not binding on appeal. *AutoXchange.com. Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 48 (Ind. Ct. App. 2004). However, such findings offer a court valuable insight into the trial court's rationale and facilitate appellate review. *Id.*

## II. *Analysis*

[13] "The applicable statute of limitations is ascertained by identifying the nature or substance of the cause of action and not the form of the pleadings." *Whitehouse v. Quinn*, 477 N.E.2d 270, 273 (Ind. 1985). Accordingly, the substance of Bardonner's counterclaim—not his characterization—determines the appropriate limitations period. Here, Bardonner's entire counterclaim reads as:

> [Bardonner] employed [CJB Attorneys] in a family law matter and [CJB Attorneys] failed to exercise ordinary skill and knowledge causing extensive emotional and financial damage to [Bardonner].

(Appellant's App. Vol. II, p. 27).  The language of Bardonner's counterclaim clearly mimics the elements of a legal malpractice claim, as being "(1) employment of an attorney, which creates a duty to the client; (2) failure of the attorney to exercise ordinary skill and knowledge (breach of duty): and, (3) that such negligence was the proximate cause of (4) damage to the plaintiff." *Clary v. Lite Machines Corp.*, 850 N.E.2d 423, 430 (Ind. Ct. App. 2006).  Thus, contrary to Bardonner's categorization of his counterclaim in his appellate brief as breach of contract, his counterclaim sounds in legal malpractice.

[14]  The limitations period governing a legal malpractice claim is two years.  Ind. Code § 34-11-2-4(a); *Myers v. Maxson*, 51 N.E.3d 1267, 1276 (Ind. Ct. App. 2016), *trans. denied*.  "Legal malpractice actions are subject to the 'discovery rule,' which provides that the statute of limitations does not begin to run until such time as the plaintiff knows, or in the exercise of ordinary diligence could have discovered, that he had sustained an injury as the result of the tortious act of another." *Biomet Inc. v. Barnes & Thornburg*, 791 N.E.2d 760, 765 (Ind. Ct. App. 2003), *trans. denied*.  Here, Bardonner fired CJB Attorneys by email on August 3, 2015, alluding to "[t]he almost total loss of visitation" which caused "harm to him and his children." (Appellant's App. Vol. II, p. 112).  Therefore, the statute of limitations for his counterclaim expired on August 3, 2017.  As Bardonner did not file his legal malpractice counterclaim until December 4, 2018—more than a year after the expiration of the statute of limitations— Bardonner's claim should be barred.

However, Bardonner's legal malpractice claim was filed as a counterclaim pursuant to Indiana Trial Rule 13(J), which provides, in relevant part:

> The statute of limitations, [] shall not bar a claim asserted as a counterclaim to the extent that:
>
> (1) It diminishes or defeats the opposing party's claim if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim, or if it could have been asserted as a counterclaim to the opposing party's claim before it (the counterclaim) was barred[.]

Here, while Bardonner's counterclaim for legal malpractice is undeniably related to CJB Attorneys' claim of unpaid legal fees as it arises out of CJB Attorneys' representation of Bardonner in the dissolution proceeding, we agree with the trial court that Bardonner's counterclaim "fails on the merits." (Appellant's App. Vol. II, p. 13).

Bardonner's counterclaim is based on the allegation that CJB Attorneys "negotiated agreements on [Bardonner's] behalf without [Bardonner's] knowledge or consent to the detriment of [Bardonner]." (Appellant's App. Vol. II, p. 123). The only negotiated agreement during CJB Attorneys' brief representation of Bardonner is the Agreed Entry that called for supervised parenting time. The designated evidence reflects that the Agreed Entry is the result of safety concerns raised by Veronika and was voluntarily signed by Bardonner after being given the opportunity to consult with CJB Attorneys. Given Bardonner's criminal history and Dr. Spencer's elaborate findings and detailed conclusions, it was inevitable that the trial court would continue the

requirement of supervised visitation. As Bardonner did not designate evidence to dispute CJB Attorneys' designated evidence, we cannot conclude that a material fact exists indicating that CJB Attorneys committed legal malpractice. Accordingly, as Bardonner's counterclaim fails on the merits and cannot defeat or diminish CJB Attorneys' claim, Bardonner's counterclaim is barred.[1]

# CONCLUSION

[17] Based on the foregoing, we hold that no genuine issue of material fact exists that Bardonner's counterclaim for legal malpractice is without merit and therefore cannot defeat CJB Attorneys' claim for unpaid legal fees pursuant to Indiana Trial Rule 13(J).

[18] Affirmed.

[19] Baker, J. concurs

[20] Vaidik, J. dissents with separate opinion

---

[1] In his appellate brief, Bardonner also claimed that CJB Attorneys "double billed for time spent on his case by more than one attorney without his consent." (Appellant's Br. p. 9). This is not an allegation sounding in legal malpractice but rather is an argument in response to CJB Attorneys' claim for unpaid legal fees, which is not before this court.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kenneth Eugene Bardonner, *Appellant-Defendant,*<br><br>v.<br><br>Clendening, Johnson, & Bohrer, P.C., *Appellee-Plaintiff.* | Court of Appeals Case No. 19A-CC-2222<br><br>Appeal from the Monroe Circuit Court<br><br>The Honorable Elizabeth A. Cure, Judge<br><br>Trial Court Cause No. 53C01-1810-CC-2112 |

**Brown, Judge, dissenting.**

[21] I respectfully dissent. Ind. Trial Rule 56 governs summary judgment and subsection (C) provides in part:

> The motion and any supporting affidavits shall be served in accordance with the provisions of Rule 5. An adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits. The court may conduct a hearing on the motion. However, *upon motion of any party* made no later than ten (10) days after the response was filed or was due, *the court shall conduct a hearing on the motion* which shall be held not less than ten (10) days after the time for filing the response.

(Emphases added). On August 7, 2019, CJB Attorneys requested a hearing on their summary judgment motion. Specifically, CJB Attorneys requested the trial court to "convert the November 4, 2019 hearing on Bardonner's Motion

for Leave to Amend Counterclaim to a hearing as well on CJB's Motion for Summary Judgment." Appellant's Appendix Volume II at 150. Bardonner's statement in opposition to summary judgment requested the court to confirm the hearing. The court granted summary judgment to CJB Attorneys without a hearing and without deciding Bardonner's motion to amend his counterclaim. Under these circumstances, I would remand for a hearing. *See Otte v. Tessman*, 426 N.E.2d 660, 661 (Ind. 1981) ("If the failure to obey the clear explicit dictates of the Indiana Rules of Procedure can be simply dismissed as harmless error, then, the erosion of an orderly judicial system has begun. If the clear, explicit meaning of the Indiana Rules of Procedure can be re-written by judicial opinion to avoid the consequence of a violation, then, the shroud of confusion will prevent any meaningful, just and predictable solution to those disputes which must be resolved in our courts.") (quoting *Otte v. Tessman*, 412 N.E.2d 1223, 1232 (Ind. Ct. App. 1980) (Staton, J., dissenting)); 22A STEPHEN E. ARTHUR, INDIANA PRACTICE § 36.28 (2d ed.) ("Under the current rule, where any party may make a motion for a hearing no later than 10 days after the response was filed or due, the court 'shall' conduct a hearing on the summary judgment motion. The hearing shall be held no less than 10 days after the time for filing the response. Given the language incorporated in the current rule, it appears that a summary judgment hearing is mandatory should any party make a timely request.").