### Della H. RUCKS *v.* Martha Kaye TAYLOR,
### Executrix of the Estate of
### Floyd Lester RUCKS, Deceased

83-312                                    667 S.W.2d 365

Supreme Court of Arkansas
Opinion delivered April 9, 1984

*Honey & Rodgers,* by: *Danny Rodgers,* for appellant.

*Eilbott, Smith, Eilbott & Humphries,* by: *Zachary Taylor,* for appellee.

ROBERT H. DUDLEY, Justice. On August 6, 1979, Floyd Rucks and appellant Della Hornsby entered into an antenuptial agreement which provided that, in the event of the death of Floyd Rucks, appellant would inherit one-half of all property owned individually by Floyd Rucks. The couple was married and acquired title to a tract of land as tenants by the entirety. Floyd Rucks filed suit for divorce in December, 1979. It was denied. The couple resolved their differences and lived together until October, 1980 when they again separated and Floyd Rucks again filed for divorce. They executed a separation and property settlement agreement which provided that the tract owned by the couple should be sold at fair market value and the proceeds divided

equally. Mr. Rucks died before the land was sold and before the petition for divorce was heard.

On May 5, 1981, appellee, the executrix of Rucks's estate, filed suit seeking specific performance of the separation and property settlement agreement. Appellant counterclaimed and contended that she should be awarded the property by virtue of her survivorship of an estate by the entirety with Rucks. The trial court found the separation and property settlement agreement to be controlling, ordered the tenancy by the entirety converted to a tenancy in common, and ordered the property sold with the proceeds to be divided equally. The Court of Appeals affirmed the trial court. *Rucks* v. *Taylor, Ex'x,* 10 Ark. App. 195, 662 S.W.2d 199 (1983). We granted certiorari pursuant to Rule 29 (6). We affirm the Court of Appeals.

Appellant relies exclusively on *Killgo* v. *James, Executrix,* 236 Ark. 537, 367 S.W.2d 228 (1963). In *Killgo,* a separation agreement was argued to have converted an estate by the entirety into a tenancy in common. We focused on the language of the settlement agreement and held it insufficient to change the estate to a tenancy in common. The *Killgo* settlement agreement was as follows:

> It is understood that the decree to be entered herein is to provide that Charlie C. Killgo is to have possession, use and control of the [home], together with the furniture therein, until such time as the parties to this case may agree on a sales price for such, at which time, on such agreement, the proceeds are first to be used to reimburse Charlie C. Killgo for all monies he has paid or will pay on the mortgage on same after date of August 1953, after which the balance of the proceeds is to be divided between the parties hereto equally.

We stated that "we cannot find one sentence or even one word, in the agreement or in the decree, to support the conclusion that the parties had an affirmative intention to bring about an immediate termination of the tenancy by the entirety."

The language in the present agreement is distinguishable from the language of the *Killgo* agreement. The language of this agreement shows an intent to terminate all property rights between the parties with the signing of the agreement.

> WHEREAS, it is the desire and intention of the parties that *all rights, interest, liabilities, and relations, with respect to property and financial matters be finally and conclusively fixed and determined by this agreement* in order to settle and determine in all respects and for all purposes their respective present and future property rights, claims and demands in such a manner that any action with respect to the rights and obligations, *past, present,* or *future, of either party,* with respect to the other, *be finally and conclusively settled and determined by this agreement.* [Emphasis ours.]

While the agreement was to be incorporated into a divorce decree, if any, it was not contingent upon their obtaining a divorce. The chancellor has jurisdiction over such agreements even in the absence of a divorce action. *Strasner v. Strasner,* 232 Ark. 478, 338 S.W.2d 679 (1960).

The immediacy and finality of the agreement are apparent, from the following:

> Subject to the provisions of this agreement, each of the parties may hereafter dispose of his or her property of whatsoever nature, real or personal, and each party hereby waives any and all right or interest which he or she might otherwise have in and to the estate of the other. The Wife specifically renounces and releases all interest, right or claim of right of dower, or homestead, that she now has, or might otherwise have, against the property and estate of the Husband.

The parties intended to dispose of all property rights between them upon execution of the agreement. The provision for equal division of the proceeds of a sale of the tract should be given effect and appellant cannot be

considered a tenant by the entirety with the right of survivorship.

While the language is clear that the tenancy by the entirety was to cease, we express concern, as we did in *Killgo, supra,* for the certainty and reliability of the title to real property. Drafters of separation agreements who wish to convert a tenancy by the entirety into a tenancy in common should take great care in unequivocally stating the intentions of the parties and should be mindful of the fact that the subject of dower is not raised on this appeal.

Affirmed.