Lester **PHIPPS**, Plaintiff-Appellant,

v.

**SHELTER MUTUAL INSURANCE COMPANY**, Defendant-Respondent,

and

Fe Phipps, Defendant.

No. 14417.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 3, 1986.

H. Lynn Henry, David Dunlap, West Plains, for plaintiff-appellant.

Rodney E. Loomer, Springfield, for defendant-respondent.

JAMES R. REINHARD, Special Judge.

Plaintiff appeals from a judgment entered in accordance with a jury verdict in favor of defendant Shelter Mutual Insurance Company on a claim for damages under the uninsured motorist provision of an automobile insurance policy. We affirm.

Plaintiff initially filed suit against Shelter Insurance Company, claiming coverage as a passenger under the uninsured motorist provision of an insurance policy issued to the owner and driver of the vehicle in which he was riding. An attorney for Shelter, Scott Woodruff, wrote the following letter to plaintiff's counsel:

RE: Our Insured: Nona and Donald Hicks
    Claim No.: 24-1–1608317–1–ZS
    Your Client: Lester Phipps

Dear Mr. Henry:

The following language is found in paragraph 8 on page 6 of the policy identified above:

> After notice of claim under Coverage E, (Uninsured Motorist Coverage) the company may require the insured to take such action as may be necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the bodily injury; and *in any action against the company, the company may require the insured to join such person or organization as a party defendant.* [Emphasis in letter.]

If your client believes he is an insured under this policy, and we believe he was not because he was not "occupying an insured automobile" at the time of the accident as he himself admits, then he must join as a party defendant the uninsured driver whom he alleges caused his injuries, pursuant to the language found in paragraph 8 on page 6 of the policy. We believe the provision underlined above applies to persons who contend they are insured even if they are not, in fact, insured. Consider this notice that we hereby require your client to join Fe Phipps as a party defendant in order to comply with this condition of the policy. Obviously, your client will not become an insured merely by virtue of joining Mrs. Phipps as a defendant, but if he seeks the benefits of being an insured, he must also show himself willing to accept the obligations of being an insured. The Supreme Court of Missouri has approved this provision in our contract and has ruled that it is enforceable as a condition precedent to any recovery under our Uninsured Motorist coverage. *State of Missouri ex rel. MFA Insurance Company v. Murphy,* (Mo. Banc 1980) 606 S.W.2d 661.

Plaintiff amended the petition naming Fe Phipps as a defendant, and the case went to trial on the second amended petition. In Count I, against defendant Shelter Insurance Company, plaintiff alleged that on April 28, 1984, he had been a passenger in a vehicle owned and operated by Nona Hicks and that Fe Phipps, plaintiff's former wife, struck him with her uninsured automobile as he was "attempting to alight and exit from the Hicks vehicle." Plaintiff asserted that the Hicks vehicle was insured by Shelter and that the Hicks policy provided uninsured motorist coverage for him. Plaintiff further alleged negligence on the part of the uninsured motorist, Fe Phipps, and sought to recover damages for his personal injuries and medical expenses. In Count II plaintiff named Fe Phipps as a defendant and sought damages for her alleged negligence.

Defendant Phipps did not file an answer. Defendant Shelter admitted in its answer that defendant Phipps was the operator of an uninsured vehicle at the time of the collision. Paragraph 12 of Shelter's answer stated:

> For further answer, Defendant, Shelter Mutual Insurance Company, affirmatively avers that Plaintiff was neither an insured under the policy of insurance is-

sued to Nona Hicks nor was he occupying the Hicks' vehicle at the time of the occurrence as the term "occupying" is defined by the insuring agreement of said policy of insurance and that, therefore, even in the event the trier of facts determines that Fe Phipps caused Plaintiff's injuries, recovery cannot be had against this Defendant.

Plaintiff did not file a reply to defendant's answer.

Prior to trial, plaintiff filed motions for summary judgment and to strike paragraph 12 of Shelter's answer, claiming in both motions that Shelter, by its letter requiring joinder of Fe Phipps, had waived its right to contend that plaintiff was not an occupancy insured and was, in effect, estopped to deny coverage. Plaintiff's motions were denied. Prior to trial, the court sustained Shelter's motion in limine to exclude from evidence the Woodruff letter and any reference to it. Shelter then announced it had no objection to the dismissal of Ms. Phipps as a defendant. Plaintiff refused to dismiss, stating such action would have "change[d] our trial strategy at 9:15."

The evidence revealed that defendant Fe Phipps was the former wife of plaintiff, and that on April 24, 1984, plaintiff was riding as a passenger in the Hicks vehicle, which Ms. Hicks was driving. Ms. Phipps pursued the Hicks vehicle from West Plains, Missouri, to the Bidwell Point Recreation Area on Lake Norfork in Baxter County, Arkansas. Ms. Hicks testified that Ms. Phipps "stayed on my bumper for 50 miles" and that the vehicles at times reached speeds of 85 miles per hour.

Upon arrival at the Bidwell Point Recreation Area, Ms. Hicks stopped her car on the shoulder of the road. Ms. Phipps drove past the Hicks vehicle, turned around, and proceeded to drive into Ms. Hicks's car. In doing so she ran into plaintiff, who was no longer in the car. The contested issues were plaintiff's location at the time he was struck and the length of time he had been out of the vehicle. Plaintiff testified that he closed the door and started walking to the front of the car, then the next thing he knew "she [Ms. Phipps] was right there on me." However, on cross-examination he stated he might have been a "couple or three feet" and "not over five feet" in front of the Hicks vehicle when struck, and that he had been in front of the Hicks vehicle "not over a few seconds." An investigator for Shelter testified that plaintiff had told him he was "not over 10, 20 feet in front of the Hicks vehicle when struck."

The insurance policy, which was admitted into evidence, defined "insured" as "the named insured, his spouse and any relatives" and "any other person while occupying an insured automobile." Elsewhere in the policy, "occupying" was defined to mean "in or upon, entering into or alighting from." During the trial, Shelter denied that plaintiff was entering into or alighting from the Hicks vehicle when he was injured. The trial court permitted the policy provision requiring joinder of the uninsured motorist to be read to the jury, and Shelter did not dispute that plaintiff had complied with all requirements of the policy, including the joinder provision.

At the close of the evidence, plaintiff requested that the court find defendant Fe Phipps in default and the court entered judgment against her in the amount of $17,000. She did not appeal. Plaintiff's verdict directing instruction against Shelter required a finding that plaintiff was an insured under the Hicks insurance policy in order for him to prevail on his personal injury and medical expense claims. The jury returned a verdict for Shelter and plaintiff appeals.

Plaintiff first contends that:

The trial court erred in ruling that Shelter was entitled to contest plaintiff's status as an insured under the Hicks policy, because Shelter's exercise of its right under the policy to require "the insured" to join the tortfeasor-uninsured motorist as a party defendant worked an estoppel against any denial of insurance as a matter of law, in that defendant possessed the right to compel joinder under the

policy only with respect to persons "insured" thereunder, and its conduct in requiring plaintiff to join the tortfeasor necessarily designated plaintiff as an insured, so that defendant could not thereafter maintain the contrary at trial.

An excellent discussion of the principles of equitable estoppel, the doctrine upon which plaintiff relies, appears in *Peerless Supply Co. v. Industrial Plumbing & Heating Co.*, 460 S.W.2d 651 (Mo.1970). Judge Normile, speaking for the court said:

> "Equitable estoppel" or "estoppel in pais" is that condition in which justice forbids that one speak the truth in his own behalf. It stands simply on a rule of law which forecloses one from denying his own expressed or implied admission which has in good faith and in pursuance of its purpose been accepted and acted upon by another. To constitute estoppel in pais, three things must occur: first, an admission, statement or act inconsistent with a claim afterwards asserted and sued upon; second, action by the other party on the faith of such admission, statement or act; and third, injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement or act.
>
> Estoppel is an affirmative defense under the provisions of Civil Rule 55.10, V.A.M.R. [now Rule 55.08], and the burden of proof is upon the party asserting it. Every fact essential to create it must be established by clear and satisfactory evidence. The doctrine " * ⌐ * * should be applied with great care and caution in each case, and only when all elements constituting an estoppel clearly appear. * * * " Equitable estoppel cannot arise unless justice to the rights of others demands it. (Citations omitted).

460 S.W.2d at 665–66.

> The conduct or writing on which reliance is placed must be absolute and unequivocal, and must be certain to every extent, for mere argument, inference or intendment cannot support an estoppel. The mere expression of an opinion cannot support an estoppel. If the admission is susceptible of two constructions, one of which is consistent with a right asserted by the party sought to be estopped, it forms no estoppel. (Citations omitted).

*Id.* at 667.

■ The trial court did not err in failing to determine as a matter of law that defendant was estopped to deny insurance coverage. The letter to plaintiff's counsel from Shelter's attorney Woodruff, after quoting the policy provision mandating joinder of the tortfeasor if Shelter so required, contained the following language:

> If your client believes he is an insured under this policy, *and we believe he was not* ... he must join as a party defendant the uninsured driver.... We believe the [joinder] provision ... *applies to persons who contend they are insured even if they are not, in fact, insured.* Consider this notice that we hereby require your client to join Fe Phipps as a party defendant in order to comply with this condition of the policy. *Obviously, your client will not become an insured merely by virtue of joining Mrs. Phipps as a defendant,* but if he seeks the benefits of being an insured, he must also show himself willing to accept the obligations of being an insured. (Emphasis ours.)

The letter is not an absolute and unequivocal indication that Shelter had "designated plaintiff as an insured." *Peerless, supra; John Hancock Mutual Life Insurance Co. v. Dawson*, 278 S.W.2d 57,61 (Mo.App. 1955). Even when read in the light most favorable to plaintiff, the letter remains susceptible of two constructions, one of which is consistent with the right asserted by Shelter. Thus, there can be no estoppel as a matter of law. *Peerless, supra; Noell v. Remmert*, 30 S.W.2d 1009,1015 (Mo. 1930).

In plaintiff's second point, he contends that "if Shelter was not estopped from denying that plaintiff was an insured as a matter of law, then the court erred in excluding the Woodruff letter from evidence, because such letter was admissible as an admission against interest and was rele-

vant and material upon the question whether plaintiff was an insured under the Hicks policy and in that such evidence would have supported a finding by the jury that plaintiff was treated by Shelter as an insured and that Shelter had thus admitted the existence of insurance or was estopped to deny it." [1]

The main thrust of plaintiff's argument under this point is that the letter was an admission against interest and therefore should have been admitted in evidence on the "issue of waiver and estoppel against an insurer as questions of fact for the jury."

■ Under Rule 55.08, in responding to a preceding pleading a party "shall set forth affirmatively" estoppel. Therefore, a party relying on estoppel must plead it specially. *Bybee v. Dixon*, 380 S.W.2d 539,542 (Mo.App.1964); *E.C. Robinson Lumber Co. v. Lowrey*, 276 S.W.2d 636,-641–42 (Mo.App.1955); *Goodwin & McDowell Motor Co. v. St. Clair Automobile Finance Co.*, 253 S.W.2d 543,545 (Mo.App. 1952).

■ Although Shelter in its answer asserted that plaintiff was not an insured, plaintiff did not file a reply alleging that Shelter was estopped to deny coverage. It is clear that as the issues were drawn by the pleadings, estoppel was not one of the questions to be decided by the jury. Furthermore, there is no contention that the pleadings were amended by implication. Therefore, evidence offered in support of estoppel was properly excluded. *Goodwin & McDowell Motor Co.*, 253 S.W.2d at 545.

■ It appears that plaintiff also contends that the letter was admissible on the general issue of "whether plaintiff was an insured under the Hicks policy ..." The trial court is granted broad discretion in admitting or rejecting evidence on relevancy grounds. *Missouri Commercial Investment Co. v. Employers Mutual Casualty*

*Co.*, 680 S.W.2d 397,402 (Mo.App.1984). We find no abuse of discretion here.

Judgment affirmed.

GREENE, P.J., and DAVID DARNOLD, Special Judge, concur.

---

**1.** We note that although the court sustained defendant's motion in limine prior to trial, plaintiff preserved the issue by offering the letter as an exhibit during the trial.