**Virginia RONOLLO and Carl Ronollo, Respondents,**

v.

**Richard M. JACOBS, Appellant.**

**No. 71312.**

Supreme Court of Missouri, En Banc.

Aug. 1, 1989.

Rehearing Denied Sept. 8, 1989.

Richard M. Jacobs, St. Louis, for appellant.

John W. Moticka, Michael D. Arri, St. Louis, for respondents.

COVINGTON, Judge.

Virginia and Carl Ronollo were married on December 21, 1947. On October 28, 1966, Mr. and Mrs. Ronollo purchased real estate in University City, St. Louis County, Missouri. The general warranty deed conveyed the property to "Carl J. Ronollo and Virginia A. Ronollo, his wife." Carl Ronollo and Virginia Ronollo continue to own the property.

Richard M. Jacobs provided legal representation for Virginia Ronollo in a proceeding for dissolution of marriage initiated by Carl Ronollo. On March 19, 1981, the Circuit Court of St. Louis County entered a decree of legal separation in that proceeding. With respect to the subject real estate, the trial court provided in its decree:

> It is further ordered that the home at 6953 Columbia Avenue, University City, Missouri, be listed for sale immediately at $70,000 and sold within a reasonable time, on the open market, without substantial sacrifice herein; after payment of the mortgages and encumbrances thereon and cost of sale, the balance of proceeds shall be divided equally between the parties. If the above be not accomplished within a reasonable time, the Court will enter the premises sold at a public sale.

The court also found that Mr. Jacobs was entitled to $5,000 attorney's fees of which $2,600 had been paid. The court ordered Virginia Ronollo to pay the balance to Mr. Jacobs from her share of the proceeds from the sale of the real estate.

On April 10, 1981, at Mr. Jacobs' request Mrs. Ronollo executed a $15,000 promissory note bearing interest at the rate of 18% per annum in favor of Mr. Jacobs and further executed a deed of trust to secure payment of the promissory note. The deed of trust purported to allow a lien in favor of Mr. Jacobs on the subject property. Mrs. Ronollo executed these instruments in order to secure Mr. Jacobs' services in connection with lodging an appeal from the judgment. Mr. Ronollo was not a party to,

and did not sign, the promissory note or the deed of trust.

On September 14, 1981, upon Mr. Ronollo's motion, the trial court entered an order converting the decree of legal separation to a decree of dissolution.

On June 19, 1986, Virginia and Carl Ronollo filed a four count first amended petition against Mr. Jacobs. Count IV of the petition requested the court to set aside the April 10, 1981, deed of trust and to quiet title to the property in Virginia and Carl Ronollo. Mr. Jacobs timely answered the Ronollos' First Amended Petition. Virginia and Carl Ronollo subsequently moved for summary judgment on Count IV of their First Amended Petition. Mr. Jacobs filed suggestions and an affidavit in opposition to the Ronollos' motion. After hearing, the court entered judgment in favor of Virginia and Carl Ronollo on Count IV and set aside the deed of trust. Pursuant to *Rule 74.-01(b)* the court found no just reason for delay and declared its judgment a final judgment for purposes of appeal.

Mr. Jacobs appealed to the Court of Appeals, Eastern District, which affirmed the judgment of the trial court and transferred the case to this Court in order to determine the legal effect of the decree of legal separation on an estate by the entirety. The judgment of the trial court is affirmed.

Mr. Jacobs first contends that the trial court erred in setting aside the deed of trust executed by Virginia Ronollo because the entry of the decree of legal separation severed the tenancy by the entirety and created a tenancy in common.

The issue presented by the facts of this case is whether the entry of a decree of legal separation severs the estate by the entirety when the trial court in its discretion does not set apart to either spouse an interest in the real property itself but rather sets apart to each spouse a portion of the net proceeds of the sale of the property.

██ In considering the question, the Court must be governed by principles of the law of real property as well as the policy considerations underlying the legisla-ture's authorization of the entry of a decree of legal separation. Mr. Jacobs does not seriously dispute that Mr. and Mrs. Ronollo took the property as tenants by the entirety. In Missouri a conveyance of real property to a husband and wife as co-grantees is presumed to create a tenancy by the entirety if there are no limiting words in the operative clauses of the deed. *Davidson v. Eubanks,* 354 Mo. 301, 189 S.W.2d 295, 297–98 (1945). Here, the deed of October 28, 1966, conveyed the property to "Carl J. Ronollo and Virginia A. Ronollo, his wife," and contained no other declaration of the status of the co-grantees. This language is presumed to create a tenancy by the entirety and Mr. Jacobs does not attempt to rebut the presumption.

██ In Missouri and at common law an estate by the entirety possesses like characteristics. Unities of interest, time, title and possession exist in the husband and wife. *Linders v. Linders,* 356 Mo. 852, 204 S.W.2d 229, 232 (Mo.1947). Each spouse is seized of the whole or entirety and not a share, moiety or divisible part. *McElroy v. Lynch,* 232 S.W.2d 507, 509 (Mo.1950). Thus, neither spouse owns an undivided half interest in entirety property; the whole entirety estate is vested and held in each spouse and the whole continues in the survivor.

██ The divorce of tenants by the entirety destroys the tenancy and converts it into a tenancy in common. *Allan v. Allan,* 364 S.W.2d 578, 582 (Mo.1963). So long as spouses remain married, however, a tenancy by the entirety may be terminated or severed only by joint and mutual action on the part of husband and wife. *State ex rel. State Highway Comm'n v. Morganstein,* 649 S.W.2d 485, 489 (Mo.App.1983). In the absence of evidence indicating a contrary intention by both parties a tenancy will be presumed to follow the proceeds of the sale of entirety property. *Id.*

The question then becomes one of the effect of the decree in this case. The legislature provided that in a proceeding for legal separation, as well as dissolution, the court shall set apart to each spouse his property and shall divide the marital prop-

erty. § 452.330.1.[1] The court's order as it affects distribution of marital property is a final order not subject to modification. §§ 452.330.5, RSMo Supp.1988, 452.360.2. A certified copy of a court decree affecting title to real estate may be filed for record in the office of the recorder of deeds in the county and state in which the real estate is situate. § 452.330.6, RSMo Supp.1988.

The matter before the Court poses a question of arguably conflicting policies underlying the ability of the trial court to enter a decree of legal separation, rather than one of dissolution. On the one hand the legislature recognized the need for a final order as it affects distribution of marital property in a legal separation. § 452.330.5, RSMo Supp.1988. On the other hand, the legislature provided an alternative to dissolution, a legal separation, wherein the bonds of marriage are not immediately dissolved. § 452.360.3. Both the western and eastern districts of our court of appeals have appropriately determined that the purpose of § 452.360.3 is to allow the parties a "cooling off" period, a time during which husband and wife may acquire perspective on their problems and, perhaps, commence to resolve their differences. *McRoberts v. McRoberts,* 555 S.W.2d 682, 684 (Mo.App.1977); *Howard v. Howard,* 583 S.W.2d 553, 555 (Mo.App. 1979). The legislature has required that upon motion of both parties the court must set aside a decree of legal separation. § 452.360.4.

The legislature did not envision, however, that the period of legal separation should be infinite unless both parties agree. No earlier than ninety days after entry of a decree of legal separation the court may convert the decree of legal separation to a decree of dissolution of marriage on motion of either party. § 452.360.3.

■ In exercising its discretion, a trial court, aware of the purposes and policy objectives of the legal separation, may fashion its decree accordingly. Here, the decree did not alter the manner in which Mr. and Mrs. Ronollo held the property. The trial court did not set apart the real estate to either spouse but simply ordered the sale and a division of net proceeds thereafter. The language of the decree does not purport to affect the estate until the parties receive the proceeds. Consequently, absent entry of a decree of dissolution of marriage in this case, Mr. and Mrs. Ronollo remained owners of the real estate as tenants by the entirety.[2]

Mr. Jacobs next claims that the trial court erred in setting aside the deed of trust because, even if the estate by entirety continued, Mrs. Ronollo warranted her conveyance and is estopped from denying that she was fully seized of the property at the time she executed the deed of trust.

■ The doctrine of estoppel is not properly in issue here. Estoppel is an affirmative defense and must be pleaded specially or will be waived. *Rule 55.08; Phipps v. Shelter Mut. Ins. Co.,* 715 S.W.2d 930, 934 (Mo.App.1986). The purpose of the rule is to give notice to the opposing party that the defense will be used. *White v. Wilks,* 357 S.W.2d 908, 913 (Mo.1962). The party asserting an estoppel bears the burden of proving it. *Medical W. Bldg. Corp. v. E.L. Zoernig & Co.,* 414 S.W.2d 287, 293–94 (Mo.1967). Every fact essential to create estoppel must be established by clear and satisfactory evidence. *Peerless Supply Co. v. Indus. Plumbing and Heating Co.,* 460 S.W.2d 651, 666 (Mo. 1970).

---

1. All references are to Missouri Revised Statutes, 1986, unless otherwise noted.

2. In determining the effect on the estate by the entirety in separation and property settlement agreements that contain language similar to that included in the decree in this case, the courts of Florida, New York, Massachusetts, North Carolina, and Maryland reached a similar result. *See, Jonas v. Logan,* 478 So.2d 410, 411 (Fla.Dist. Ct.App.1985); *In re Violi,* 65 N.Y.2d 392, 482 N.E.2d 29, 492 N.Y.S.2d 550 (1985); *Pavluvcik v. Sullivan,* 22 Mass.App.Ct. 581, 495 N.E.2d 869 (1986); *Shutt v. Butner,* 62 N.C.Ct.App. 701, 303 S.E.2d 399 (1983), discretionary review denied, 309 N.C. 462, 307 S.E.2d 367 (1983); *Bruce v. Dyer,* 309 Md. 421, 524 A.2d 777 (1987). *Contra: Rucks v. Taylor,* 282 Ark. 200, 667 S.W.2d 365 (Ark.1984), but the court expressed concern for the "certainty and reliability of the title to real property." *Id.* 667 S.W.2d at 366.

■ Mr. Jacobs asserts that his answer indicates that he had a right to use estoppel as a defense and that he later amended his answer to include estoppel as a defense. If Mr. Jacobs wished to rely upon an estoppel he should have filed a pleading containing appropriate allegations. The initial answer contains no estoppel defense. Although Mr. Jacobs sought and was granted leave to amend on September 19, 1988 (one day prior to his filing his reply brief in the Eastern District of the Missouri Court of Appeals), the trial court on March 18, 1988, had designated its order on the motion for summary judgment on Count IV as a final judgment for purposes of appeal after having specifically found that there was no just reason for delay. *Rule 74.01(b)*. At the time Mr. Jacobs sought and received leave to amend, the trial court had been divested of jurisdiction to exercise judicial function over Count IV. The amendment was without effect on Count IV. Consequently, Mr. Jacobs may not now assert the doctrine of estoppel.

Mr. Jacobs' third and fourth points together complain of the trial court's refusal to continue the hearing on Mr. and Mrs. Ronollo's motion for summary judgment on Count IV of their First Amended Petition. Mr. Jacobs contends that he was denied the opportunity to assemble and present evidence in support of his position. Mr. Jacobs also asserts that the trial court knew he was disabled, under a doctor's care and medicated at the time the hearing was scheduled, and the court therefore abused its discretion in refusing to continue the hearing.

The Ronollos filed their motion for summary judgment on Count IV of their First Amended Petition with supporting affidavit on October 14, 1987. Mr. Jacobs filed suggestions in opposition with an affidavit on October 23, 1987. On November 2, 1987, the Ronollos filed and served Mr. Jacobs with a notice of hearing scheduled for November 23, 1987. Mr. Jacobs notified the court and the Ronollos on November 15 that he was confined to absolute bed rest and could not appear and would notify plaintiffs' counsel when he was medically able to attend a hearing. The court continued the hearing. Nearly four months later

the Ronollos timely notified Mr. Jacobs that they had rescheduled the hearing for March 15, 1988. Mr. Jacobs again informed the court that he could not be present because of his physical condition and noted that he had set a hearing for May 10, 1988, on all motions pending in the case. Ronollos' counsel appeared on March 15, 1988, advised the court of plaintiffs' notices to and communications with Mr. Jacobs, and presented oral argument. In its judgment entered in favor of Virginia and Carl Ronollo three days subsequent, the trial court noted: "Plaintiffs are of advanced age, and this Court, in the exercise of its discretion, believes that plaintiffs are entitled to a decision on their motion without further delay."

Summary judgment is authorized where the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Rule 74.04(c); Pitman Mfg. Co. v. Centropolis Transfer Co.*, 461 S.W.2d 866, 872 (Mo.1971). Although *Rule 74.04(c)* does not clearly direct the trial court to conduct a hearing, the rule contemplates a hearing in its ten day notice requirement. One of the purposes of a hearing on a summary judgment motion is to ensure that the parties have the opportunity to assemble and present evidence in support of their positions. *Sherman v. AAA Credit Serv. Corp.*, 514 S.W.2d 642, 644 (Mo. App.1974).

■ Although Mr. Jacobs claimed in his suggestions and affidavit filed in the trial court that material facts remained at issue, his claim was without specificity. Furthermore, the facts contained in his affidavit are not in dispute, are otherwise of record, and relate solely to the legal effect of the transaction between the parties. It is upon the language of *Sherman* that Mr. Jacobs mistakenly relies. Unlike the party in *Sherman*, Mr. Jacobs had the opportunity to assemble and present evidence in support of his position; he filed suggestions and an affidavit. In this Court Mr. Jacobs does not allege a factual dispute, nor does he suggest what additional evidence he might have assembled and presented to the

trial court had the trial court continued the hearing. Mr. Jacobs has not identified any additional affidavits to be obtained or depositions to be taken or discovery to be had that support his allegation that the trial court prevented him from presenting facts to justify his opposition. *See Rule 74.04(f).*

A trial judge is not obliged to continue a hearing at a party's request. The grant or refusal of a continuance is a matter of judicial discretion. *Huter v. Birk,* 510 S.W.2d 177, 181 (Mo.1974). Mr. Jacobs has failed to support his allegation that he had no opportunity to assemble and present evidence in support of his position. As for presentation of matters of law, Mr. Jacobs' arguments filed in the trial court are substantially the same as those presented here. Under the circumstances of this case, the trial court did not abuse its discretion in denying Mr. Jacobs an additional continuance.

The judgment is affirmed.

WELLIVER, ROBERTSON, RENDLEN, HIGGINS and BILLINGS, JJ., and HOLSTEIN, Special Judge, concur.

BLACKMAR, C.J., not sitting.