In re Conrad J. MARKMUELLER,
Debtor.

Conrad J. MARKMUELLER,
Debtor–Appellant,

v.

E. Rebecca CASE, Trustee–Appellee.

James S. Cole, Trustee.

No. 94–3715.

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1995.

Decided April 5, 1995.

David L. Campbell, St. Louis, MO, argued, for appellant.

Nelson Mitten, St. Louis, MO, argued (Howard S. Smotkin, on the brief), for appellee.

Before BEAM, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MURPHY, Circuit Judge.

BEAM, Circuit Judge.

Conrad J. Markmueller, the debtor in this Chapter 7 bankruptcy action, appeals the district court's [1] affirmance of the bankruptcy court's [2] order requiring him to turn over his interest in a trust for inclusion in his bankruptcy estate. We affirm.

## I. BACKGROUND

In May 1984, Conrad Markmueller and Emily Markmueller, husband and wife, set-

---

1. The Honorable Edward L. Filippine, Chief United States District Judge for the Eastern District of Missouri.

2. The Honorable James J. Barta, United States Bankruptcy Judge for the Eastern District of Missouri.

tled a trust with property they held as tenants by the entirety, naming themselves as trustees and life income beneficiaries. After Emily Markmueller died in June 1984, Conrad Markmueller became the sole trustee and life income beneficiary.

Conrad Markmueller filed for bankruptcy in May 1993, but did not disclose his interest in the trust until September 1993. He filed an amendment listing his interest in the trust in December 1993, but claimed it was excludable from his bankruptcy estate as an enforceable spendthrift trust. The trustee filed a motion to compel Markmueller to turn over all trust property in which he held an interest. The trustee argued that the trust assets were property of the bankruptcy estate because the spendthrift provision was not valid under Missouri law.

The bankruptcy court granted the trustee's motion to compel, finding that Markmueller intentionally concealed the existence of the trust in order to prevent the trustee from reaching the assets. The court further concluded that Markmueller had created an invalid self-settled spendthrift trust, and that the trust assets were no longer protected as property held in a tenancy by the entirety. The bankruptcy court ordered Markmueller to turn over all assets.

The district court affirmed. Although it noted that self-settled spendthrift trusts are invalid in Missouri, it decided that the spendthrift provision of the trust was invalid because Markmueller impermissibly exercised dominion and control over the trust assets. The district court did not reach the concealment issue.

Markmueller appealed, arguing that the spendthrift provision of the trust is valid, and that the bankruptcy court clearly erred in finding that he intended to conceal his interest in the trust.

## II. DISCUSSION

■ We review a bankruptcy court's determinations of fact for clear error, and its legal conclusions de novo. *Drewes v. Schonteich*, 31 F.3d 674, 677 (8th Cir.1994). We review determinations of state law de novo. *Salve Regina College v. Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

Commencement of a bankruptcy case creates an estate containing "all legal or equitable interests of the debtor in property as of the commencement of the case," subject to specified exceptions. 11 U.S.C. § 541(a)(1). One exception is that the debtor's interest in a spendthrift trust is excludable from the estate to the extent the trust is enforceable under non-bankruptcy law. 11 U.S.C. § 541(c)(2); *In re Swanson*, 873 F.2d 1121, 1122 (8th Cir.1989). It is uncontested that the applicable non-bankruptcy law is Missouri trust law, under which spendthrift trusts are generally enforceable and protected against claims by creditors. *See* Mo.Rev. Stat. § 456.080 (1994); *Electrical Workers, Local No. 1 Credit Union v. IBEW–NECA Holiday Trust Fund*, 583 S.W.2d 154, 157 (Mo.1979) (en banc).

■ While the Markmuellers may have created a valid trust, the spendthrift provision can be invalidated on two distinct grounds: its revocability, and Markmueller's degree of control over trust assets.[3]

---

3. The parties devoted much of their briefs to the self-settled nature of the trust. Markmueller argues that because the trust was settled with tenancy by the entirety property, the settlor was the unity of Conrad and Emily Markmueller. He also argues that he is protected by the language of Mo.Rev.Stat. § 456.080.3(2)(a) (1994), because he was not the sole beneficiary when the trust was created. We find serious flaws in both these arguments. First, the fact that tenancy by the entirety property was used to settle the trust is irrelevant. The unity of person is not applicable to a tenancy by the entirety. *See, e.g., Ronollo v. Jacobs*, 775 S.W.2d 121, 123 (Mo.1989) (en banc). In addition, the unity of person was a common-law legal fiction that Missouri began abrogating in 1889, and no longer recognizes. *See Townsend v. Townsend*, 708 S.W.2d 646, 650 (Mo.1986) (en banc). Second, we note that the common-law rule against self-settled spendthrift trusts is apparently still valid in Missouri to the extent it permits creditors to reach a beneficiary's income interest. *See Citizens Nat'l Bank of Maryville v. Cook*, 857 S.W.2d 502, 506 (Mo.Ct. App.1993). Furthermore, spendthrift provisions will only be upheld if they contravene "neither a statute nor public policy." *Electrical Workers*, 583 S.W.2d at 157. The public policy of Missouri is that one may not settle their own spendthrift trust and avoid their creditors. *See id.* at

First, the spendthrift provision of a trust will not protect the settlor's beneficial interest in trust assets from creditors "if at the time the trust was established ... [t]he settlor ... retained the power to revoke or amend the trust." Mo.Rev.Stat. § 456.080.3(2)(a). Item Thirteen of the Markmuellers' 1984 trust indenture gave the living settlors the right to revoke, alter, or amend the trust after five years had passed. Because the trust was revocable and amendable, the spendthrift provision is invalid.

Second, the spendthrift provision of a trust is not enforceable if the beneficiary of that trust has the right to exercise dominion or control over trust assets. *See In re Hannegan,* 155 B.R. 209, 214 (Bankr.E.D.Mo.1993); *Jamison v. Mississippi Valley Trust Co.,* 207 S.W. 788, 789 (Mo.1918); *cf. Gentemann v. Dyer,* 140 S.W.2d 75, 78 (Mo.Ct.App.1940) (beneficiary may have no right to absolute "possession of, or beneficial interest in ... the trust estate"). Items One, Two, and Fourteen of the trust instrument act together to give the trustees absolute control over the management and use of the trust estate for any purpose. As trustee, Markmueller exercises an impermissible degree of control over the trust assets.

Because the spendthrift provision is invalid, we need not reach the concealment issue.

## III. CONCLUSION

The spendthrift provision of the trust is invalid, and Markmueller's interest in the trust should be included in his bankruptcy estate. Accordingly, the decision of the bankruptcy court is affirmed.

162; *see also* 2A Austin W. Scott & William F. Fratcher, *The Law of Trusts* § 156 (4th ed. 1989).