_____

No. 95-4200
_____

In re:  Junior Sebastian          *
Hammrich; Joyce Marie Hammrich,    *
                                   *
         Debtors.                  *
                                   *
_____                *
                                   *
Junior Sebastian Hammrich;         *    Appeal from the United States
Joyce Marie Hammrich,              *    District Court for the
                                   *    District of South Dakota.
         Debtors/Appellants,       *
                                   *
    v.                             *
                                   *
John S. Lovald, Chapter 12         *
Trustee,                           *
                                   *
         Claimant/Appellee.        *

                    _____

         Submitted:  July 12, 1996

            Filed:  October 21, 1996
                    _____

Before WOLLMAN, JOHN R. GIBSON, and HANSEN, Circuit Judges.
                    _____

WOLLMAN, Circuit Judge.

    Junior and Joyce Hammrich appeal the district court's[1] judgment affirming the bankruptcy court's[2] order that they pay $95,885.86 in disposable income to their unsecured and undersecured creditors before receiving a discharge.  We affirm.

_____

    [1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

    [2]The Honorable Irvin N. Hoyt, Chief Judge, United States Bankruptcy Court for the District of South Dakota.

Junior and Joyce Hammrich filed a voluntary petition for reorganization under Chapter 12 of the Bankruptcy Code on January 26, 1987. The plan was amended and went into effect in October of 1989 and was to terminate on January 1, 1993. The plan required that the debtors pay all disposable income under 11 U.S.C. § 1225 (b)(1) over the three years of the plan.

The debtors filed their final report and account and requested a discharge on March 11, 1993. The trustee and Farm Credit Bank of Omaha objected to the discharge and requested that the court make a disposable income determination. After two evidentiary hearings, the bankruptcy court concluded the debtors had unpaid disposable income of $95,885.86 and ordered them to pay that amount in order to obtain a discharge. The district court affirmed, finding that the bankruptcy court "performed a thorough analysis of the disposable income issue and made a carefully considered decision."

**II.**

We review the bankruptcy court's findings of fact for clear error and its legal conclusions de novo. Markmueller v. Case, 51 F.3d 775, 776 (8th Cir. 1995). While the initial burden is on the trustee to show that the debtors are not contributing all of their disposable income to the plan, the ultimate burden lies with the debtors to show that they are satisfying that obligation. In re Kuhlman, 118 B.R. 731, 738 (Bankr. D.S.D. 1990).

Debtors contend that the bankruptcy court erred in its calculation of disposable income. We agree with the district court's conclusion that the bankruptcy court's findings in calculating disposable income were not clearly erroneous.

The Code defines "disposable income" as

income which is received by the debtor and which is not reasonably necessary to be expended (A) for the maintenance or support of the debtor or a dependent of the debtor; or (B) for the payment of expenditures necessary for the continuation, preservation, and operation of the debtor's business.

11 U.S.C. § 1225(b)(2). Determining disposable income is "a fact-intensive inquiry into whether debtor has `income which is in excess of that *reasonably* required for maintenance and continuation of [its] farming operation from one year to the next.'" Broken Bow Ranch, Inc. v. Farmers Home Admin., 33 F.3d 1005, 1008 (8th Cir. 1994) (emphasis in original) (quoting In re Coffman, 90 B.R. 878, 885 (Bankr. W.D. Tenn. 1988)). The amount by which the debtors' income exceeds their obligations at the end of their plan, after accounting for carryover funds sufficient to continue the their farming operation, is deemed disposable income. Broken Bow, 33 F.3d at 1009.

The bankruptcy court found, and the district court agreed, that the debtors' total inventories amounted to $281,601.00 and that their total obligations amounted to $16,980.00, for a disposable income calculation of $264,621. The court then determined that the debtors would require $168,735.14 to continue their farming operation and subtracted that amount from its disposable income determination in arriving at a final figure of $95,885.86.

The debtors contend first that the bankruptcy court erred by including in total inventories 326 calves on hand at the termination of their plan. The debtors maintain that these calves were not marketable commodities to be included in the inventory part of the calculation because they had not yet reached the weight at which they are normally sold. The bankruptcy court found that the calves had some value and were saleable on the date of

termination.

Although the debtors may not have received the same amount they would receive upon a sale of these calves at their full weight, the calves were of some value at termination of the debtors' plan. Simply having to sell the calves before the date debtors normally brought calves to market does not render them completely unmarketable. Thus, we conclude that the bankruptcy court's finding that the calves were marketable commodities is not clearly erroneous and its inclusion of them in the disposable income calculation was proper.

The debtors also assert that the court erred when it included in the disposable income calculation government payments received after termination of the plan. Even though the payments were not received until after termination of the plan, they were attributable to debtors' farming operation during the plan and were thus properly included in the disposable income calculation. Broken Bow, 33 F.3d at 1009.

Debtors' contend that the bankruptcy court erred in excluding repayment of a loan and payment of 1992 real estate taxes from the expense portion of the calculation. Only those obligations that exist at the end of the plan period are to be included in the disposable income calculation, however. See Broken Bow, 33 F.3d at 1009. Neither the loan nor the real estate taxes were due at the end of the plan period. Therefore, the court did not err in excluding those amounts from its calculation of disposable income.

The debtors' final contention is that the court erred in not leaving adequate funds for them to continue their farming operation. The bankruptcy court made a detailed analysis of the amount of funds necessary to continue the debtors' farming operation. This determination is supported by the record and is not clearly erroneous.

The judgment is affirmed.

A true copy.

     Attest:

         CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.