# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-2896

_____

D. Sherman and Maxine M. Cox,          *
                                       *
          Appellants,                  *
                                       *  Appeal from the
     v.                                *  Internal Revenue Service.
                                       *
Commissioner of Internal Revenue,      *
                                       *
          Appellee.                    *
                                       *

_____

Submitted: March 12, 1997
Filed: August 5, 1997

_____

Before McMILLIAN, FLOYD R. GIBSON, and JOHN R. GIBSON, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

D. Sherman and Maxine M. Cox, husband and wife, appeal from two orders of the tax court allowing them to deduct only one half of the rent paid by Mr. Cox for his law practice in 1987 and refusing to award the Coxes their attorneys' fees and costs in this proceeding. Mr. Cox paid rent to himself and Mrs. Cox, as they owned as tenants by the entirety the property in which Mr. Cox operated his law practice. The Coxes argue that they should be allowed to deduct all of the rent, and because the position taken by the Commissioner of the Internal Revenue Service was not substantially justified, they should be awarded their attorneys' fees and costs. We affirm.

Mr. Cox practices law as a sole proprietorship. The Coxes had purchased a building in 1980, and held title to that building as tenants by the entirety. In 1987, Mr. Cox's law practice occupied space in this building, and he paid $18,000 in rent for the space to himself and his wife.

The Coxes filed a joint tax return in 1987. In that return the Coxes claimed the $18,000 in rent as an expense of Mr. Cox's law practice and reported that same amount as rental income. The Commissioner refused to allow the deduction for rent and assessed a tax deficiency against the Coxes.

The Coxes petitioned the United States Tax Court[1] for relief from the Commissioner's decision to deny the rental deduction. The Coxes and the Commissioner agreed that there were no facts in dispute, and the tax court decided the case on partial summary judgment. The court held that under 26 U.S.C. § 162(a)(3) (1994) the Coxes could claim only one half of the rent paid as an expense of Mr. Cox's law practice and as rental income because of Mr. Cox's equity interest in the rental property.

After this decision the Coxes moved to recover their attorneys' fees and costs in this proceeding pursuant to 26 U.S.C. § 7430 (1994). The tax court[2] denied their motion, concluding that the Coxes were not entitled to their attorneys' fees and costs because the Commissioner's initial denial of the rent deduction was substantially justified. The Coxes appeal from both decisions of the tax court.

---

[1]The Honorable Helen A. Buckley, Judge, United States Tax Court.

[2]The Honorable Stanley J. Goldberg, Judge, United States Tax Court.

The Coxes argue that they should be able to deduct as an expense all of the rent paid for Mr. Cox's law practice.

We review de novo the tax court's grant of summary judgment as it involves only questions of law. See Estate of Robertson v. Commissioner, 15 F.3d 779, 781 (8th Cir. 1994). The issue is entirely one of state law concerning the nature of property held in a tenancy by the entirety, and we review questions of state law de novo without deference to the court below. See Salve Regina College v. Russell, 499 U.S. 225, 231-33 (1991).

**A.**

Section 162(a)(3) of the Internal Revenue Code allows Mr. Cox to deduct rents paid for his law practice as long as he does not have title to or equity in the rented property. The Coxes contend that they can deduct all of the rent paid by Mr. Cox for his law practice under section 162(a)(3). They assert that under Missouri law a separate entity known as the marital community owns all property that they own as tenants by the entirety. The Coxes argue that this marital community is separate from them, and that therefore neither Mrs. Cox nor Mr. Cox has title to or equity in any property which they own as tenants by the entirety.

We reject the Coxes' argument that the building was titled to the marital community rather than to them. We recognize that decisions by some Missouri courts have stated that "[t]he distinctive characteristic of an estate by the entirety is that it is deemed to be owned by a single entity, the marital community." United States Fidelity & Guar. Co. v. Hiles, 670 S.W.2d 134, 137 (Mo. Ct. App. 1984). Indeed this court, in an opinion by Judge Collet in 1951, United States v. Hutcherson, 188 F.2d 326 (8th

Cir. 1951), has stated that the estate by the entirety "is built upon the fiction of the law that a husband and wife are one and only one legal entity." Id. at 329. We must follow, however, the Missouri Supreme Court's more recent discussion of tenancy by the entirety in Ronollo v. Jacobs, 775 S.W.2d 121 (Mo. 1989). There, Judge Covington observed that the conveyance was to "Carl J. Ronollo and Virginia A. Ronollo, his wife," and that this language was presumed to create a tenancy by the entirety. Id. at 123. She went on to state:

> In Missouri and at common law an estate by the entirety possesses like characteristics. Unities of interest, time, title and possession exist in the husband and wife. Each spouse is seized of the whole or entirety and not a share, moiety or divisible part. Thus, neither spouse owns an undivided half interest in entirety property; the whole entirety estate is vested and held in each spouse and the whole continues in the survivor.

Id. (citations omitted). This recent statement of the Missouri Supreme Court makes clear that each spouse is seized of the whole or entirety, and neither owns an undivided half interest in the entirety property. The whole entirety estate is vested and held in each spouse, and the whole continues in the survivor. Ronollo makes clear that the ownership interest is in the spouses, and not in a separate entity. The only conclusion that can be reached from Ronollo is that both Mr. and Mrs. Cox had title to the building in question, and not a fictional but separate entity, as the Coxes argue.

The tax court did not base its decision on the principles we have discussed above, but rather on the principle that Mr. Cox had equity in the building. Under Missouri law, Mr. Cox's ownership of the building as a tenant by the entirety gives him a right to one half of the rents earned from the building, see Rezabek v. Rezabek, 192 S.W. 107, 111 (Mo. Ct. App. 1917), and a one-half interest in the building should the Coxes decide to end their tenancy by the entirety in the building, see Coffey v. Coffey, 485 S.W.2d 167, 172-74 (Mo. Ct. App. 1972). These interests give Mr. Cox equity in the building that he rented for his law practice. As section 162(a)(3) only allows rent

-4-

to be deducted when Mr. Cox has no equity in the rented property, we reject the Coxes' argument that the tax court should have allowed them to deduct all of the rent paid by Mr. Cox for his law practice.[3]

## B.

The Coxes also argue that even if Mr. Cox had title to or equity in the building, they should still be allowed to deduct all of the rent paid because Mr. Cox's law practice rented the space in the building and the law practice had no title or equity in the building. We reject this argument. Mr. Cox practices as a sole practitioner, he owns his practice, and his law practice is not an entity separate from Mr. Cox. Mr. Cox himself rented the space for his law practice.

## II.

The Coxes argue that they are entitled to their attorneys' fees and costs because the position taken by the Commissioner in the tax court was not substantially justified.

The Coxes may collect their attorneys' fees and costs if the Commissioner's position in the tax court was not substantially justified.[4] 26 U.S.C. § 7430(c)(4)(A) (1994). The Commissioner's position was substantially justified if it had a reasonable basis in law and fact. See Barton v. United States, 988 F.2d 58, 59 (8th Cir. 1993). We review the tax court's decision to deny the Coxes an award of their attorneys' fees

---

[3]The Commissioner has not argued that the tax court erred in allowing the Coxes to deduct one half of the rent, and we do not decide that issue.

[4]We assume without deciding that the Coxes substantially prevailed in the tax court, and except for this question and the question of the substantial justification of the Commissioner's position, the Commissioner concedes that the Coxes have met all other requirements under section 7430 for an award of attorneys' fees and costs.

and costs for an abuse of discretion.  <u>See</u> <u>Kenagy v. United States</u>, 942 F.2d 459, 463 (8th Cir. 1991).

The Commissioner argued in the tax court that the Coxes were not entitled to deduct any of the rent that Mr. Cox paid for his law practice. The Commissioner contended that section 162(a)(3) prevented the Coxes from deducting the rent because Mr. Cox had title to or equity in the property he was renting.

As we have held above, Mr. Cox had some equity in the building he rented.  Section 162(a)(3) states that a taxpayer can only deduct rent for property "in which he has <u>no</u> equity."  (Emphasis added).  The plain language of section 162(a)(3) provides a reasonable basis for the Commissioner's position even though that position did not prevail in the tax court.  The tax court did not abuse its discretion in concluding that the Commissioner's position had a reasonable basis in law and fact.

Accordingly, we affirm the judgment of the tax court in all respects.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-