# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3521

———————

Xavier J. R. Avula; Sulochana D.   \*
Avula,            \*
               \*
    Appellants,      \*
               \*  On Appeal from the United States
  v.            \*  Tax Court.
               \*
Commissioner of Internal Revenue,  \*     [UNPUBLISHED]
               \*
    Appellee.       \*

———————

Submitted: July 8, 2004
     Filed: July 27, 2004 (Corrected: August 4, 2004)

———————

Before WOLLMAN, LAY, and MELLOY, Circuit Judges.

———————

PER CURIAM.

  Xavier J.R. Avula and Sulochana D. Avula ("Taxpayers") appeal the Tax Court's[1] order granting summary judgment in favor of the Commissioner of Internal Revenue ("Commissioner") and upholding the Commissioner's determination of collection action to be taken with respect to income tax assessments against Taxpayers for the 1991, 1992, 1994, and 1995 tax years. After *de novo* review of the

———————

[1]The Honorable Peter J. Panuthos, Chief Special Trial Judge, United States Tax Court.

record, we affirm.  See Cox v. Comm'r, 121 F.3d 390, 391 (8th Cir. 1997) (standard of review).

On January 29, 1998, the Commissioner issued Taxpayers a notice of deficiency for the tax years in question.  Taxpayers thereafter petitioned the Tax Court for a redetermination of the deficiencies.  Following a trial on November 13, 1999, the court entered a decision holding Taxpayers liable for deficiencies in income, additions to tax, and accuracy-related penalties.  Taxpayers did not appeal this decision.  The Commissioner then issued a notice of intent to levy followed by a determination that the proposed levy action should proceed.  Taxpayers petitioned the Tax Court for a collection due process hearing ("CDP") on the Commissioner's decision to proceed with the collection of their income tax liabilities.  However, Taxpayers challenged only their underlying tax liabilities, not the collection actions. The Tax Court granted summary judgment to the Commissioner, concluding Taxpayers were not entitled to challenge their underlying tax liabilities in the CDP hearing.

We find no error in the Tax Court's decision.  The Internal Revenue Code ("Code") grants a taxpayer the right to a hearing on a proposed levy action and allows the taxpayer to raise any relevant issue relating to the unpaid tax or collection actions, including spousal defenses, challenges to the appropriateness of the intended collection activities, and possible alternative means of collection.  See 26 U.S.C. § 6330(a)(3)(B) & (c)(2)(A).  However, the Code allows a taxpayer to challenge the existence or amount of an underlying tax liability only if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Id. § 6330(c)(2)(B); see also Katz v. Comm'r, 115 T.C. 329, 339 (2000).  In this case, Taxpayers received a statutory notice of deficiency for their tax liabilities in 1998 and litigated the merits of their liabilities in the Tax Court in 1999.  At the CDP hearing and on appeal, Taxpayers challenge only their underlying tax liabilities. Because they are precluded from doing

so, the Tax Court did not err in granting summary judgment in favor of the Commissioner.

Accordingly, we affirm the Tax Court's decision.

_____