# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2146

_____

| | | |
|---|---|---|
| Xavier J. R. Avula, | * | |
| Sulochana D. Avula, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | Tax Court. |
| | * | |
| Commissioner of Internal Revenue, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  March 27, 2007
Filed:  April 6, 2007

_____

Before COLLOTON, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Xavier and Sulochana Avula, husband and wife, appeal from the tax court's[1] adverse grant of summary judgment in favor of the Commissioner of Internal Revenue (Commissioner), upholding a decision by the Internal Revenue Service Appeals Office (IRS AO) following a collection due process (CDP) hearing, and allowing the Commissioner to collect on the Avulas' interest liability from the 1993 tax year.

_____

[1]The Honorable Joseph H. Gale, United States Tax Court Judge.

We review the tax court's decision in the same manner and to the same extent as we would review a district court decision granting summary judgment. See 26 U.S.C. § 7482. Accordingly, we review the tax court's summary judgment decision de novo, applying the same standards as those applied by the tax court. See Cent. S.D. Coop. Grazing Dist. v. Sec'y of U.S. Dep't of Agric., 266 F.3d 889, 894 (8th Cir. 2001) ("We review a district court's summary judgment decision de novo, applying the same standards as those applied by the district court."). In the present context, we review the IRS AO's decision for an abuse of discretion, basing that review on the information that was before the IRS AO in the CDP proceedings. See Robinette v. Comm'r, 439 F.3d 455, 462 (8th Cir. 2006) (review standard).

We conclude that the IRS AO did not abuse its discretion in determining the Avulas' interest liability from the 1993 tax year. The only argument asserted by the Avulas at the CDP hearing was a challenge to their underlying income tax liability. However, the Avulas were barred from challenging their underlying tax liability because they had received statutory notice thereof and were afforded an opportunity to dispute that liability, which they did. See 26 U.S.C. § 6330(c)(2)(B) (person requesting CDP hearing may raise at hearing challenges to existence or amount of underlying tax liability for any tax period if person did not receive statutory notice of deficiency for such tax liability or did not otherwise have opportunity to dispute such tax liability). The tax court therefore did not err in granting summary judgment for the Commissioner. See Avula v. Comm'r, 105 Fed. Appx. 127, 128 (8th Cir. 2004) (unpublished per curiam) (affirming tax court's summary judgment for Commissioner where taxpayers had received statutory notice of deficiency, had previously litigated merits of underlying liabilities in tax court, and were precluded under § 6330(c)(2)(B) from challenging tax liabilities in CDP proceedings). We also find no merit to the Avulas' argument that funds have been improperly confiscated from their bank accounts before exhaustion of all appeals. The only IRS collection actions they have identified appear to relate to their liabilities for other tax years, for which their appeals have been exhausted.

Accordingly, we affirm the tax court's decision.  <u>See</u> 8th Cir. R. 47B.

_____